UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00160-FDW-DSC

| | |
|---|---|
| E. RAY RAYNOR, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>G4S SECURE SOLUTIONS (USA) INC., *et al.*, )<br>)<br>    Defendants. )<br>) | ORDER |

THIS MATTER is before the Court upon Defendants' Motions to Dismiss Plaintiff's Complaint (Doc. Nos. 4, 5) and Motion for Hearing (Doc. No. 6). In light of Plaintiff's failure to file his EEOC Charge of Discrimination with the Court, Defendants' Motions to Dismiss and Motion for Hearing are DENIED as MOOT, and Plaintiff is ORDERED to furnish the Court with the EEOC Charge of Discrimination so the Court may determine the scope of its subject matter jurisdiction.

A plaintiff must exhaust his administrative remedies by filing a charge with the EEOC before filing suit under Title VII because the scope of the court's subject matter jurisdiction is limited by the contents of the charge. Mercer v. PHH Corp., 641 Fed. Appx. 233, 238 (4th Cir. 2016); see also Syndor v. Fairfax Cnty., 681 F.3d 591 (4th Cir. 2012). Accordingly, claims that fall outside the scope of the charge are procedurally barred. Balas v. Huntington Ingalls Indus., Inc., 711 F.3d 401, 408 (4th Cir. 2013). Under 42 U.S.C. § 2000e-5(e)(1), a Title VII claim is also time-barred if a plaintiff files his EEOC Charge of Discrimination more than 180 days "after the alleged unlawful employment practice occurred." Benedetti v. Computer Scis. Corp., 187 F.3d 628 (4th Cir. 1999); see also Whitaker v. Nash Cty., 504 F. App'x 237, 240 (4th Cir. 2013) ("[A]

failure by the plaintiff to exhaust administrative remedies concerning a Title VII claim deprives the federal courts of subject matter jurisdiction over the claim." (quoting Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009))).

Before going forward with the review of Plaintiff's Complaint, this Court will require Plaintiff to furnish the Court with the EEOC Notice of Charge so that the Court may determine the scope of this lawsuit, and in turn, its subject matter jurisdiction. See Evans v. Techs. Applications & Serv. Co., 80 F.3d 954, 962-63 (4th Cir. 1996) ("The allegations contained in the administrative charge of discrimination [before the EEOC] generally operate to limit the scope of any subsequent judicial complaint.").

In sum, Defendants' Motions to Dismiss (Doc. Nos. 4, 5) and Motion for Hearing (Doc. No. 6) are DENIED as MOOT, and Plaintiff is ORDERED to furnish the Court with the EEOC Charge of Discrimination **on or before June 22, 2017**.  **Failure to furnish the Court with the EEOC Charge may result in dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction.**

IT IS SO ORDERED.

Signed: June 8, 2017

Frank D. Whitney
Chief United States District Judge