# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## DOCKET NO. 3:17-cv-00160-FDW-DSC

| | |
|---|---|
| E. RAY RAYNOR, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> G4S SECURE SOLUTIONS (USA) INC., ) </br> *et al.*, ) </br> ) </br> Defendants. ) </br> ) | ORDER |

THIS MATTER is before the Court upon Defendant G4S Secure Solutions (USA) Inc.'s ("G4S") Motion for Judgment on the Pleadings (Doc. No. 14) ("G4S's Motion") and Defendants Chuck Brock, Donald S. Zeccardi, Malcolm Burchett, Jr., Tifani A. Grusky, and Michael A. Nail's (the "Individual Defendants") Motion for Judgment on the Pleadings (Doc. No. 15) (G4S and Individual Defendants collectively "Defendants") (collectively the "Motions"). Having considered the Motions, the Court GRANTS in part and DENIES in part G4S's Motion for Judgment on the Pleadings and GRANTS the Individual Defendant's Motion for Judgment on the Pleadings for the reasons that follow.

## I. PROCEDURAL BACKGROUND

Plaintiff Elmer Ray Raynor ("Plaintiff" or "Raynor") filed this action in Superior Court in Gaston County, North Carolina on February 21, 2017, and Defendants subsequently removed the action to this Court on March 24, 2017. (Doc. No. 1). Defendants answered Plaintiff's Complaint on March 31, 2017. (Doc. No. 7). On June 9, 2017, as required by Court order, Plaintiff filed the Charge of Discrimination (the "Charge") that he filed with the Equal Employment Opportunity Commission ("EEOC"). (Doc. Nos. 12, 13). Defendants filed their respective Motions on August

11, 2017. (Doc. Nos. 14, 15). Plaintiff filed his responses on September 4, 2017. (Doc. Nos. 20, 21). Defendants declined to file replies. Accordingly, the Motions are now ripe for resolution.

## II. FACTUAL BACKGROUND

G4S employed Plaintiff, an African-American male, from on or about July 16, 2001 until G4S terminated Plaintiff on August 26, 2016.[1] (Doc. No. 1-1 at 18, 20). Plaintiff received favorable evaluations for his work and had no write-ups of misconduct or infractions in his record. (Doc. No. 1-1 at 20). G4S also employed the Individual Defendants, who were officers, agents, and/or employees of G4S. (Doc. No. 1-1 at 19-20).

In February 2008, G4S promoted Plaintiff from Manager of Field Support to Regional Manager of Field Support. (Doc. No. 1-1 at 20). Plaintiff alleges that in his position as Regional Manager, he received a lower salary than his predecessor, a white employee with less experience, training, and education, and was required to travel to conduct floor surveys, when other regional field managers were excused. (Doc. No. 1-1 at 21). Further, despite his superior performance, Plaintiff did not receive incentive pay throughout his employment when other white employees did. (Doc. No. 1 at 21-23).

In September 2014, G4S's Mid-Atlantic Vice-President Malcom Burchett released Plaintiff from his position as Regional Manager on the pretext of a budget cut and demoted Plaintiff to Site Manager at Bank of America Corporate Center. (Doc. No. 1-1 at 22-23). Plaintiff alleges that a less experienced white employee filled his vacated position and assumed his duties but was given a different title, Director of Field Support. (Doc. No. 1-1 at 23).

---

[1] The background is based on allegations in Plaintiff's Complaint (Doc. No. 1). All factual allegations are taken in the light most favorable to Plaintiff given that Defendants have moved to dismiss Plaintiff's claims for failing to state a claim. See generally Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993).

Then, in July 2016, G4S's Director of Administration Tifani Grusky informed Plaintiff that he had no accrued vacation leave when he in fact had three days of unused vacation leave under G4S's policy, practice, and contract with Plaintiff. (Doc. No. 1-1 at 23-24). Soon thereafter, on July 20, 2016, G4S's Secure Solutions General Manager Mike Nail informed Plaintiff that they had no work for him and gave him a Severance Agreement and General Release package that stated his effective termination date as July 18, 2016. (Doc. No. 1-1 at 24). The Severance Agreement and General Release indicated that Plaintiff was terminated for cause. (Doc. No. 1-1 at 24). After several individuals refused to listen to his complaints, on July 21, 2016, Plaintiff sent a written memorandum to G4S's Chief Human Resources Officer and Burchett. (Doc. No. 1-1 at 25). The memorandum cited specific examples of G4S's disparate treatment of Plaintiff, asked questions about the Severance Agreement and General Release, and summarized his favorable work performance. (Doc. No. 1-1 at 25). In August 2016, Burchett informed Plaintiff that the Severance Agreement and General Release had been intended for another employee (Doc. No. 1-1 at 25) but maintained that G4S did not have a work assignment for Plaintiff (Doc. No. 1-1 at 26). Burchett, G4S's Mid-Atlantic Vice-President, however indicated that he would have Plaintiff paid for his vacation leave. (Doc. No. 1 at 25-26). Nevertheless, Plaintiff did not receive payment for his vacation leave and was not considered for a comparable position in the company despite Plaintiff's interest. (Doc. No. 1 at 26-28).

Plaintiff reported these discriminatory practices to the Human Resources Department on September 17, 2015 (Doc. No. 1-1 at 27) and filed a charge of discrimination with the EEOC on January 11, 2017 (Doc. No. 1-1 at 28; Doc. No. 13-1 at 1). On January 18, 2017, Plaintiff received notice from the EEOC that he could file suit (Doc. No. 1-1 at 28, 69) and initiated this action on February 21, 2017.

3

### III. STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). In resolving a motion for judgment on the pleadings, a court must accept the nonmovant's allegations as true and view the facts in the light most favorable to the nonmoving party. Bradley v. Ramsey, 329 F. Supp. 2d 617, 622 (W.D.N.C. 2004) (internal citations omitted). The court, however, need not "accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarranto v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (internal citations omitted).

A Rule 12(c) motion is reviewed under a standard similar to that which is used in Rule 12(b)(6) motions to dismiss, with the "key difference being that on a 12(c) motion, the court is to consider the answer as well as the complaint." Bradley, 329 F. Supp. 2d at 622 (internal citations omitted). The court may also considering any materials referenced in, incorporated by reference, or attached to the pleadings. See Fed. R. Civ. P. 10(c).

A plaintiff alleging claims under Title VII need not plead facts that constitute a prima facie case in order to survive a motion to dismiss or motion for judgment on the pleadings, see Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510-15 (2002), but "[f]actual allegations must be enough to raise a right of relief above the speculative level[,]" Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

### IV. ANALYSIS

Plaintiff asserts claims of wrongful discharge, breach of contract, intentional infliction of emotional distress, negligent infliction of emotional distress, violation of wage and hour act, violation of the North Carolina Constitution, punitive damages, and claims under 42 U.S.C.

§§ 1981, 1985, and 2000e, *et seq.* (Doc. 1 at 29-42). G4S moves to dismiss the complaint against it in its entirety (Doc. No. 14). The Individual Defendants also move to dismiss the complaint in its entirety, but they only brief the dismissal of Plaintiff's claims against them for wrongful discharge, breach of contract, Title VII discrimination claims, and violations of the North Carolina Constitution (Doc. No. 15). Accordingly, the Court only considers the adequacy of the pleadings for the claims against the Individual Defendants of wrongful discharge, breach of contract, Title VII discrimination claims, and violations of the North Carolina Constitution.

### A. Claims against G4S

#### i. Title VII Claims, 42 U.S.C. 2000e, *et seq.*, and 42 U.S.C. § 1981

As an initial matter, G4S argues that Plaintiff has not established that he timely filed a charge of discrimination with the EEOC or that the claims raised under Title VII in this action are within the scope of his EEOC charge. (Doc. No. 14-1 at 11). An EEOC charge must be filed within "one hundred and eighty days *after the alleged unlawful employment practice occurred*." Nat'l R.R. Passenger Corp. v. Morgan, 536 U.S. 101, 109 (2002) (quoting 42 U.S.C. § 2000e-5(e)(1)). A discrete retaliatory or discriminatory act, like termination or failure to promote, occurs "on the day that it 'happened.'" Id. at 110, 114. As a result, a plaintiff's charge as to that discrete act is timely only if the discrete act occurred 180 days prior to the filing of the charge. Id. at 113-114. In contrast, hostile environment claims, which are "based on the cumulative affect of individual acts[,]" id. at 115, are timely if "an act contributing to the claim occurs within the filing period," id. at 117. A claim that is not timely filed is barred and not actionable. Id. at 109, 113.

The EEOC charge also limits the scope of subsequent formal litigation to the charges themselves and any charges that would naturally arise from an investigation thereof. Chacko v. Patuxent Inst., 429 F.3d 505, 509 (4th Cir. 2005). Recognizing that lawyers generally do not

5

prepare charges, courts liberally construe the charges.  Id.  Nevertheless, a Title VII claim beyond the liberally construed charge and natural investigation are procedurally barred in subsequent litigation.  Id.

Although not filed with his complaint, Plaintiff incorporated and referenced the Charge in his complaint and filed with the Court a copy of his Charge on June 9, 2017.  The Charge reflects the filing date of his Charge, January 11, 2017, and the scope of his Charge—race, sex, and age discrimination and retaliation.  (Doc. No. 13-1).  Liberally construing the Charge, the Court concludes that the scope of the Charge sufficiently covers the claims asserted in this action of discrimination, retaliation, and hostile work environment.  However, some of the allegations in the complaint arise before May 4, 2017, which is 180 days before the filing of the Charge.  Plaintiff plead allegations concerning his salary from 2008 to 2014, his release and demotion in September 2014, non-receipt of incentive pay, denial of and non-payment of his vacation leave in July 2016, and his termination in August 2016.  Plaintiff's release and demotion, his salary from 2008 to 2014, and at least some of Plaintiff's non-receipt of incentive pay are discrete acts completed by or occurring before May 4, 2016.  As a result, discrimination or retaliation claims under Title VII based on these discrete acts are untimely and not actionable.  The other alleged discrete discriminatory acts of termination and denial of vacation leave occurred after May 4, 2016 and are timely.  Therefore, to the extent Plaintiff's Title VII claims are based on discrete discriminatory or retaliatory acts occurring before May 4, 2016, the Court dismisses them.

G4S also argues that Plaintiff has not demonstrated his qualifications and satisfactory performance, identified a specific similarly-situated comparator outside Plaintiff's protected class, evidenced engagement in a protected activity prior to the filing of his EEOC charge, or plead facts of severe or pervasive conduct.  However, at this procedural stage, Plaintiff does not have the

burden of production, and these factual issues are more appropriately resolved after discovery at summary judgment. See generally Swierkiewicz, 534 U.S. at 510-15. The Court has reviewed Plaintiff's detailed allegations and finds the timely Title VII claims asserted in Plaintiff's complaint plausible. See Coleman, 626 F.3d at 190 (4th Cir. 2010). Because the elements for a prima facie case under Title VII and Section 1981 are the same, Thompson v. Potomac Elec. Power Co., 312 F.3d 645, 649 n.1 (4th Cir. 2002),[2] the Court also finds Plaintiff's Section 1981 claim plausible. Accordingly, the remainder of G4S's Motion as to Plaintiff's Title VII and Section 1981 claims are denied without prejudice for G4S to reassert those arguments, if applicable, following discovery.

### ii. Punitive Damages

Plaintiff may seek punitive damages if he shows that G4S engaged in unlawful intentional discrimination under Title VII and "engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." 42 U.S.C. § 1981a(b)(1). For plaintiff to be eligible for punitive damages, "an employer must at least discriminate in the face of a perceived risk that its actions will violate federal law to be liable in punitive damages." Kolstad v. Am. Dental Ass'n, 527 U.S. 526, 536 (1999). G4S argues that Plaintiff's claim for punitive damages should be dismissed for not pleading that "G4S knew it may be acting in violation of Title VII." (Doc. No. 14-1 at 18.) However, Plaintiff did allege that Defendants, including G4S, "participated in or condoned . . . wrongful conduct, which Defendants intended, knew, or should have known . . . was in flagrant and reckless disregard of the rights of Plaintiff." (Doc. No. 1-1 at 41-42). Viewing this and the other allegations in the Complaint in the light most favorable to Plaintiff, the Court finds punitive

---

[2] G4S did not raise any arguments specific to Plaintiff's Section 1981 claim.

7

damages plausible. Further, the determination of an employer's state of mind, id. at 535, for punitive damages is necessarily fact intensive. Thus, this issue is more appropriately resolved after discovery. Accordingly, G4S's Motion as to punitive damages is denied without prejudice for G4S to reassert its argument after discovery.

### iii. Wrongful Discharge[3]

Although generally an at-will employee has no claim for wrongful discharge, an at-will employee that is "discharged for an unlawful reason or in contravention of public policy" will have a claim for wrongful discharge. Lorbacher v. Housing Auth. of City of Raleigh, 127 N.C. App. 663, 672, 493 S.E.2d 74, 79 (N.C. App. 1997) (citing Coman v. Thomas Mfg. Co., 325 N.C. 172, 175, 381 S.E.2d 445, 447 ( N.C. 1989)). G4S contends that Plaintiff has not alleged discharge because Plaintiff was offered alternative positions for rehire that he turned down. (Doc. No. 14-1 at 6). Plaintiff, however, has alleged that he was terminated. (Doc. No. 1-1 at 28). His decision to not accept the positions offered him and his indication that he would continue to apply for positions also implies that he was not employed by G4S at that time. Plaintiff has not alleged that he quit or resigned from employment and instead maintains that he was wrongfully terminated on account of his race. See Gravitte v. Mitsubishi Semiconductor Am., Inc., 109 N.C. App. 466, 472, 428 S.E.2d 254, 258 (N.C. 1993) (dismissing wrongful termination claim where "plaintiff *tendered her resignation* after asking to be transferred to another position and being told that none was currently available"). Additionally, by alleging that his termination was pretext for discrimination on account of his race, Plaintiff has alleged discharge for an unlawful reason, as established by Title VII, and discharge against the declared public policy of North Carolina to "protect and

---

[3] Because this Court has original jurisdiction over some of Plaintiff's claims, this Court has supplemental jurisdiction over Plaintiff's claims arising under North Carolina law as they are "so related to [the original jurisdiction claims] that they form part of the same case or controversy." 28 U.S.C. § 1367(a); United States ex rel. Bunk v. Gov't Logistics N.V., 842 F.3d 261, 272 (4th Cir. 2016) ("[T]he related claims 'need only revolve around a central fact pattern.'").

8

safeguard the right and opportunity of all persons to seek, obtain and hold employment without discrimination or abridgement on account of race . . . [,]" N.C. Gen. Stat. § 143-422.2. See Jackson v. Blue Dolphin Commc'ns of N.C., LLC, 226 F. Supp. 2d.785, 792 (W.D.N.C. 2002) (denying motion to dismiss where plaintiff alleged she was discharged based on her race). Viewing the alleged facts in the light most favorable to Plaintiff, the Court concludes Plaintiff has alleged that he was "discharged for an unlawful reason or in contravention of public policy" and the Court denies G4S's Motion for Plaintiff's wrongful discharge claim.

### iv. North Carolina Wage and Hour Act

G4S contends that Plaintiff's claim under N.C. Gen. Stat. § 95-25.22 for unpaid vacation leave and incentive pay fails because Plaintiff has not alleged he was discharged. (Doc. No. 14-1 at 7). As previously discussed, the Court disagrees and has concluded that Plaintiff has plead discharge.

G4S also argues that Plaintiff's claim for incentive payments for 2014 is also barred by the two-year statute of limitations, N.C. Gen. Stat. § 95-25.22(f). (Doc. No. 14-1 at 7). Actions under N.C. Gen. Stat. § 95-25.22 must be brought within two years of "the date the promise is broken," which cannot be before the plaintiff is injured and at liberty to sue. Hamilton v. Memorex Telex Corp., 118 N.C. App. 1, 9, 454 S.E.2d 278, 282 (N.C. App. 1995) (quoting Glover v. First Union Nat'l Bank, 109 N.C. App. 451, 455, 428 S.E.2d 206, 208 (N.C. App. 1993)). As pointed out by Plaintiff, the policy providing for incentive pay as attached in Exhibit 1 to the Complaint indicates that incentive pay would not be "paid [until] after the financial results have been audited in 2015." (Doc. No. 1-1 at 50). Because Plaintiff suffered no injury and had no cause of action until the non-payment of his incentive pay after the audit in 2015, Hamilton, 118 N.C. App. at 9, 454 S.E.2d at 282, the statute of limitations would not commence until the non-payment of his incentive pay

after the audit in *2015*. At this stage, the Court must view the facts in the light most favorable to Plaintiff, so the Court will infer that the non-payment occurred on or after February 21, 2015—two years before the filing of the Complaint. Accordingly, as plead, Plaintiff's claim for his 2014 incentive pay is not barred by the statute of limitations, and the Court concludes Plaintiff states a plausible claim for violation of the North Carolina Wage and Hour Act.

     v.    **Breach of Contract**

G4S moves for judgment on the pleadings for failing to identify a contract establishing vacation leave and for failing to allege a breach of the incentive pay contract.[4] (Doc. No. 14-1 at 7-8). G4S argues that there is no contract for vacation leave because in North Carolina, employment manuals or policies cannot create a contractual agreement between an employer and employee. Although "unilaterally promulgated employment manuals or policies do not become part of the employment contract unless expressly included in it[,]" Walker v. Westinghouse Elec Corp., 77 N.C. App. 253, 259, 335 S.E.2d 79, 83 (N.C. App. 1985), the complaint does not merely allege that Plaintiff's vacation leave was the result of a unilateral policy. Instead, Plaintiff alleges that there was a policy, practice, and contract between the parties (Doc. No. 1-1 at 24) and that G4S's Vice President and agent stated that he would have Plaintiff paid for his 31 days of vacation time (Doc. No. 1-1 at 25-26). G4S also argues that Plaintiff has not plead that he achieved each of the financial objectives "in full at the top of his range" or "with full score" as required by the incentive pay contract. (Doc. No. 14-1 at 8). Yet, Plaintiff has plead that he was "instrumental (if not indispensable) to obtaining excellent results on projects for which G4S rewarded his white colleagues and subordinates[.]" (Doc. No. 1-1 at 23). Therefore, at this stage, the Court concludes

---

[4] G4S's argument that the breach of the incentive contract is barred by the statute of limitations fails. As previously discussed, the contract would not be breached until G4S failed to pay Plaintiff after its audit in 2015. Because this lawsuit was filed on February 21, 2017, a breach of contract claim for the incentive contract would not be barred by the three year statute of limitations, N.C. Gen. Stat. § 1-52.

that Plaintiff has plead a plausible claim for breach of contract for vacation leave and incentive pay and denies G4S's Motion without prejudice to reassert the aforementioned arguments following discovery.

### vi. Intentional Infliction of Emotional Distress and Negligent Infliction of Emotional Distress

G4S contends that Plaintiff has not plead any facts to support his claims for intentional infliction of emotional distress or negligent infliction of emotional distress. (Doc. No. 14-1 at 9). One of the elements required for both causes of action that G4S complains of is severe emotional distress. Dickens v. Puryear, 302 N.C. 437, 452, 276 S.E.2d 325, 335 (1981); Johnson v. Ruark Obstetrics & Gynecology Assocs., P.A., 327 N.C. 283, 304, 395 S.E.2d 85, 97 (1990). Severe emotional distress does not encompass "temporary fright, disappointment or regret" and instead requires the existence of "[an] emotional or mental disorder, such as, for example, neurosis, psychosis, chronic depression, phobia, or any other type of severe and disabling emotional or mental conditions which may be generally recognized and diagnosed by professionals trained to do so." Johnson, 327 N.C. at 304, 395 S.E.2d at 97; see generally Pierce v. Atl. Group, Inc., 219 N.C. App. 19, 32, 724 S.E.2d 568, 577 (2012) (affirming dismissal of negligent and intentional infliction of emotional distress claims where the only allegation was plaintiff experienced "job stress"). Here, Plaintiff has not plead any facts about his severe emotional distress but instead reiterates the definition of the term. (See Doc. No. 1-1 at 35-36). Plaintiff, relying on North Carolina law, argues that such a pleading is sufficient because it puts Defendants on notice of his claim. (Doc. No. 20 at 16). However, for pleadings before this Court, "a short and plain statement of the claim showing that the pleader is entitled to relief" is required to give the defendant fair notice of the claim and grounds for the claims. Bell Atl. Corp., 550 U.S. at 55 (quoting Fed. R.

Civ. P. 8(a)(2)). To provide a defendant the grounds for plaintiff's entitlement to relief, a plaintiff must plead "more than labels[,] . . . conclusions, and a formulaic recitation of the elements of a cause of action[.]" Id. (citing Papassan v. Allian, 478 U.S. 265, 286 (1986).) The alleged facts must "raise a right to relief above the speculative level." Id. Here, Plaintiff's "formulaic recitation of the element" of severe emotional distress for his claims of intentional and negligent infliction of emotional distress will not suffice to survive a motion to dismiss without supporting factual allegations sufficient to raise Plaintiff's right to relief to a speculative level. Therefore, the Court dismisses Plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress without prejudice to Plaintiff's right to replead.

    **vii.**    **Violation of North Carolina Constitution and 42 U.S.C. § 1985**

Plaintiff consents to the dismissal without prejudice of its cause of action against G4S for violation of North Carolina Constitution. (Doc. No. 20 at 2 n.1). The Court, therefore, dismisses without prejudice Plaintiff's claim against G4S for violation of North Carolina Constitution. Plaintiff also indicates that its claim under 42 U.S.C. § 1985 is not asserted against G4S. (Doc. No. 21 at 8). Therefore, to the extent necessary, the Court dismisses without prejudice Plaintiff's claim against G4S for conspiracy to violate his constitutional rights, 42 U.S.C. § 1985.

    **B.**    **Claims against the Individual Defendants**

    **i.**    **Breach of Contract, Wrongful Discharge, Title VII Discrimination Claims under 42 U.S.C. 2000e,** *et seq.*

Plaintiff clarified that his Complaint does not seek to sue the Individual Defendants for breach of contract, wrongful discharge, and Title VII discrimination claims under 42 U.S.C. § 2000e, *et seq*. (Doc. No. 21 at 2-3). Thus, to the extent necessary and to avoid confusion, the Court

dismisses without prejudice any claims for breach of contract, wrongful discharge, and claims under 42 U.S.C. § 2000e, *et seq*. asserted against the Individual Defendants.

### ii. Violation of North Carolina Constitution

Plaintiff indicated in his response that he does not oppose the dismissal of the Plaintiff's claim for violation of the North Carolina Constitution against the Individual Defendants. (Doc. No. 21 at 2). Accordingly, the Court dismisses the claim for violation of the North Carolina Constitution without prejudice.

## IV. CONCLUSION

IT IS THEREFORE ORDERED that (i) Defendant G4S Secure Solutions (USA) Inc.'s Motion for Judgment on the Pleadings (Doc. No. 14) is GRANTED IN PART and DENIED IN PART without prejudice to G4S's ability to reassert its arguments at summary judgment and (ii) Defendants Chuck Brock, Donald S. Zeccardi, Malcolm Burchett, Jr., Tifani A. Grusky, and Michael A. Nail's Motion for Judgment on the Pleadings (Doc. No. 15) is GRANTED.

The Court DENIES G4S's Motion as to Plaintiff's claims against G4S of (1) Title VII claims based on discrete discriminatory acts occurring on or after May 4, 2016; (2) Section 1981 claims based on discrete discriminatory acts occurring on or after May 4, 2016; (3) punitive damages; (4) wrongful discharge; (5) violation of North Carolina wage and hour act; and (6) breach of contract.

The Court GRANTS G4S's Motion and DISMISSES without prejudice Plaintiff's claims against G4S of (1) intentional infliction of emotional distress; (2) negligent infliction of emotional distress; (3) violation of North Carolina Constitution; and (4) conspiracy to violate Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1985. The Court DISMISSES with prejudice

Plaintiff's claim against G4S under Title VII and Section 1981 to the extent based on discrete discriminatory acts occurring before May 4, 2016.

The Court GRANTS the Individual Defendant's Motion and DISMISSES without prejudice Plaintiff's claims against the Individual Defendants of (1) breach of contract; (2) wrongful discharge; (3) discrimination claims under 42 U.S.C. 2000e, *et seq.*; and (4) violation of the North Carolina Constitution.

IT IS SO ORDERED.

Signed: October 3, 2017

Frank D. Whitney
Chief United States District Judge