UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00160-FDW-DSC

| | |
|---|---|
| E. RAY RAYNOR, )<br>)<br>    Plaintiff, )<br>)<br>vs. )<br>)<br>G4S SECURE SOLUTIONS (USA) INC., *et al.*, )<br>)<br>    Defendants. )<br>) | ORDER |

THIS MATTER is before the Court on Plaintiff's "Objection and Motion for Review or Reconsideration by the United States District Court of the Orders of the United States Magistrate Judge Filed 11/03/17 and the 'Minute Order' Entered 11/08/17" (Doc. No. 32). After a telephone conference on November 14, 2017, the Court granted in part and denied in part Plaintiff's Objection and deferred ruling on parts of the Objection until the Court completed an *in camera* inspection. As part of this November 15, 2017 Order, the Court ordered Defendant G4S Secure Solutions (USA) Inc. ("Defendant")[1] to produce its privilege log and documents listed on the privilege log.

Having carefully reviewed the two documents[2] submitted by Defendant, record, the arguments of counsel, and applicable authority, the Court GRANTS IN PART and DENIES IN PART the remainder of the Objection as addressed herein.

---

[1] The Court notes that Counsel in this case represents both the Corporate Defendant G4S Secure Solutions (USA) Inc. and the Individual Defendants.

[2] Recognizing that a hearing on dispositive motions is scheduled in this case for December 11, 2017, the Court is issuing this ruling on the two documents submitted by Defendant on November 15, 2017 and defers ruling on the remainder.

# I. ANALYSIS

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." Fed. R. Civ. P. 26(b)(1). The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); Hickman v. Taylor, 329 U.S. 495, 507 (1947). Whether to grant or deny a request to compel production of discovery is generally within the district court's broad discretion. See, e.g., Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel). Yet, when reviewing a district court's holding that a privilege does not apply, factual determinations are reviewed for clear error and legal conclusions are reviewed *de novo*. In re Allen, 106 F.3d 582, 601 (4th Cir. 1997).

## A. Attorney-Client Privilege

When the attorney-client privilege applies, "it affords confidential communications between lawyer and client complete protection from disclosure." In re Grand Jury Subpoena, 204 F.3d 516, 519 (4th Cir. 2000) (quoting Hawkins v. Stables, 148 F.3d 379, 383 (4th Cir. 1998)). By affording protection to these communications, the privilege is intended to encourage full and frank communication with attorneys for those who find themselves in actual or potential legal disputes which "promote[s] broader public interests in the observance of law and the administration of justice." Upjohn Co. v. United States, 449 U.S. 383, 389 (1981).

"However, since it impedes the full and free discovery of the truth, the attorney-client privilege is to be narrowly construed" and "the burden is on the proponent of the attorney-client privilege to demonstrate its applicability[,]" In re Grand Jury Subpoena, 204 F.3d at 519-20 (quoting Hawkins, 148 F.3d at 383) (internal quotation marks omitted). The scope of the privilege

is limited to "the giving of professional advice to those who can act on it" and "the giving of information to the lawyer to enable him to give sound and informed advice." Upjohn Co. 449 U.S. at 390; see also In re Allen, 106 F.3d 582, 601 (4th Cir. 1997). Thus, the client's communication must not only be confidential but it must be made "to an attorney made in order to obtain legal assistance[.]" In re Grand Jury Subpoena, 204 F.3d at 520 (quoting Fisher v. United States, 425 U.S. 391, 403 (1976)); see also NLRB v. Interbake Foods, LLC, 637 F.3d 492, 501-02 (4th Cir. 2011) (holding that party claiming privilege bears the burden of showing that the communication was "for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding"). The privilege also "extends only to *communications* and not to facts." Upjohn, 449 U.S. at 395 (citation omitted). Thus, a client "may not refuse to disclose any relevant fact within his knowledge merely because he incorporated a statement of such fact into his communication to his attorney." Id. at 396 (citation omitted). As a result, "providing factual matter to an attorney for preparation of documents intended for third-party transmission does not bring those facts within the protection of the privilege." United States v. Moazzeni, 906 F. Supp. 2d 505, 511 (E.D. Va. 2012) (citing United States v. White, 950 F.2d 426, 430 (7th Cir. 1991)).

**B. Work Product Doctrine**

"Under the work product rule, codified in Fed. R. Civ. P. 26(b)(3), an attorney is not required to divulge, by discovery or otherwise, facts developed by his efforts in preparation of the case or opinions he has formed about any phase of the litigation. . . ." Chaudhry v. Gallerizzo, 174 F.3d 294, 403 (4th Cir 1999) (internal citations omitted) (emphasis added). In order to qualify for the work product doctrine, the document must be prepared "because of the prospect of litigation

when the preparer faces an actual claim or a potential claim following an actual event or series of events that reasonably could result in litigation." National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc., 967 F.2d 980, 984 (4th Cir. 1992). The fact that litigation is recognized generally as a possibility or that litigation in fact ensues is insufficient to cloak material with work product immunity. Id.

The party asserting work product protection has the burden of proving that the disputed items are subject to the doctrine, which is intended to prevent a litigant from taking a free ride on the research and thinking of his opponent's lawyer and to avoid the resulting deterrent to a lawyer's committing his thoughts to paper. See, e.g., United States v. Nobles, 422 U.S. 225, 236-39 (1975); U.S. v. Bornstein, 977 F.2d 112, 117 (4th Cir. 1992) (citing United States v. Powell, 379 U.S. 48, 58 (1964)).

**C. Exhibits 1 and 2**

Applying these legal principles to the two documents listed in the Defendant's privilege log and produced on November 15, 2017, which the undersigned has reviewed in camera, the Court concludes that the documents should be produced as redacted in Exhibit 1 and Exhibit 2.[3] The documents are not protected under the attorney-client or work product privilege, as asserted by Defendant. The unredacted portions of Exhibit 1 and 2 do not show communications giving professional advice to those who can act on it or giving information to a lawyer to enable him to give sound and informed advice. In fact most of the communication in Exhibit 1 was between non-attorneys that was forwarded or copied to Defendant's in house counsel. The mere fact that in-house counsel was forwarded and copied on the emails and produced the document prior to any

---

[3] Exhibits 1 and 2 have been attached to this order but filed under seal, so only counsel for Defendant has access to the information.

concern of litigation is insufficient to establish protection under either privilege. See generally United States Postal Service v. Phelps Dodge Refining Corp., 852 F. Supp. 156, 163-64 (E.D.N.Y. 1994) (noting that "[a] corporation cannot be permitted to insulate its files from discovery simply by sending a 'cc' to in-house counsel"). Further, the communications in Exhibit 1 and 2 were not made in anticipation of litigation but were communications in the ordinary course of business. In Exhibit 1, Defendant's employees provided factual information to Defendant's in-house counsel for his drafting of a Severance Agreement which was intended for third-party transmission to Plaintiff, and in Exhibit 2, Defendant's in-house counsel provided the drafted Severance Agreement to Defendant's employees. See generally Xeroz Corp. v. Int'l Bus. Mach. Corp., 64 F.R.D. 367, 381-82 (1974) ("A party should not be allowed to conceal critical, non-privileged, discoverable information, which is uniquely within the knowledge of the party and which is not obtainable from any other source, simply by imparting the information to its attorney and then attempting to hide behind the work product doctrine after the party fails to remember the information."). Notably, the document and emails do not allude to potential litigation and were created prior to Plaintiff's complaint of discrimination to either Defendant or the EEOC. The documents also do not indicate the mental processes or thoughts of Defendant's in-house counsel. Accordingly, these documents are not privileged and Defendant must produce them as redacted in Exhibit 1 and 2.

THEREFORE, the Court MODIFIES the Magistrate's Orders as follows: IT IS ORDERED that Plaintiff's Objection is DENIED IN PART and GRANTED IN PART as to the email chain identified in the privilege log as authored by Steve Muscatello with dates from July 12, 2016 to July 15, 2016 with the subject "Ray Raynor: Severance Package" (Doc. No. 1) and the email and

attachment identified in the privilege log as authored by Steve Muscatello dated July 15, 2016 with the subject "Ray Raynor" (Doc. No. 2). The Court ORDERS Defendant to produce to Plaintiff the aforementioned documents as redacted in Exhibit 1 and 2 and DEFERS ruling on the documents and other matters not addressed herein.

IT IS SO ORDERED.

Signed: November 17, 2017

Frank D. Whitney
Chief United States District Judge