UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00160-FDW-DSC

| | |
|---|---|
| E. RAY RAYNOR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>G4S SECURE SOLUTIONS (USA) INC., *et al.*, )<br>)<br>Defendants. )<br>)<br>) | **ORDER** |

THIS MATTER is before the Court on Plaintiff's "Objection and Motion for Review or Reconsideration by the United States District Court of the Orders of the United States Magistrate Judge Filed 11/03/17 and the 'Minute Order' Entered 11/08/17" (Doc. No. 32). After a telephone conference on November 14, 2017, the Court granted in part and denied in part Plaintiff's Objection and deferred ruling on parts of the Objection until the Court completed an *in camera* inspection. As part of the November 15, 2017 Order, the Court ordered Defendants to produce its privilege log and documents listed on the privilege log. Based on the current record and the Court's *in camera* review the documents produced by Defendants on November 17, 2017, the Court concludes that a certification from Defendants is necessary to determine if two of the documents are properly protected from disclosure under the work product doctrine, which was discussed in the Court's previous order.

Although the 2010 Amendments to Rule 26 of the Federal Rules of Civil Procedure clarified that communications between attorneys and testifying experts are subject to protection from disclosure by the work product doctrine under Fed. R. Civ. P. 26(b)(3)(A), (B),

communications that "identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed" or "relate to compensation for the expert's study or testimony" are not protected for disclosure by Federal Rule of Civil Procedure 26(b)(4)(C).

The email from Dr. Boyd dated September 27, 2017, with the subject "Re: Raynor: Affidavits" could be read to suggest that Defendants' counsel provided Dr. Boyd affidavit drafts or affidavits of other individuals beyond those listed in her Report. The attachments in the email string were not provided in production for *in camera* review to the Court, which may indicate that the referenced affidavits were disclosed to opposing counsel. Nevertheless, the certification would determine whether this email is covered by the work product protection afforded communication between attorneys and testifying experts under Fed. R. Civ. P. 26(b)(4)(C).

In the email from Dr. Boyd dated September 6, 2017, with the subject "Re: Raynor: Secondary Witnesses," Dr. Boyd replies to an email from counsel providing a list of individuals for Dr. Boyd to contact, which could be read to suggest that Dr. Boyd contacted them and communicated with these individuals, which included individuals not disclosed in her Report. The email from counsel to Dr. Boyd was not included in the production, which may indicate that the email identifying the facts was disclosed to opposing counsel. As a result, certification would also determine whether the email is covered by the work product protection afforded communication between attorneys and testifying experts in Fed. R. Civ. P. 26(b)(4)(C).

In addition, the email dated August 15, 2017 from Michelle Gettinger entitled "Engagement Letter" discusses compensation. Therefore, to the extent, Michelle Gettinger is a

2

testifying expert, communications relating to her compensation are not protected under Federal Rule of Civil Procedure 26(b)(4)(C). Certification would clarify this issue as well.

THEREFORE, after *in camera* review of the documents produced by Defendants on November 17, 2017, the Court MODIFIES the Magistrate's Order and ORDERS Defendants to file a certification as to the following or produce the relevant documents to Plaintiff with any accompany disclosures necessary to fulfill its objections under Rule 26 no later than November 21, 2017:

1. The only affidavits considered by Defendants' Expert Dr. Sara E. Boyd are the affidavits listed in her Report (Doc. No. 27-2 at 4) and attached to Defendants' Summary Judgment Motion (Doc. No. 27) as Exhibits 9, 11, and 13 (Larry Henning, Bill Lindus, and Art Jaskiewicz).

2. The only individuals contacted by Defendants' Expert Dr. Sara E. Boyd are the individuals listed in her Report (Doc. No. 27-2 at 3).

3. Michelle Gettinger is not a testifying expert.

IT IS SO ORDERED.

Signed: November 17, 2017

Frank D. Whitney
Chief United States District Judge