**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NORTH CAROLINA**

| | | |
|---|---|---|
| **E. RAY RAYNOR,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No.:  3:17-CV-00160** |
| | ) | |
| **G4S SECURE SOLUTIONS (USA) INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## JOINTLY PROPOSED JURY INSTRUCTIONS

Pursuant to the Case Management Order dated April 17, 2017 (Doc. 11) and the Court's direction during the Docket Call on January 2, 2018, Plaintiff E. Ray Raynor and Defendant G4S Secure Solutions (USA) Inc. ("G4S") propose the following jury instructions to be provided at the close of all evidence and verdict form.

Each party's proposed jury instructions are made without waiver of that party's pending motions, which if granted, may render portions of the following instructions unnecessary. The parties reserve the right to amend, supplement, or modify these instructions in light of further developments, including any remaining fact or expert discovery, and based on the evidence and arguments presented at trial.

# INDEX TO PROPOSED JURY INSTRUCTIONS

| Instruction No. | Title | Status |
|---|---|---|
| **ISSUE 1** | **Do you find that Defendant is liable to Plaintiff for violating the Age Discrimination in Employment Act?** | |
| 1 | General Instructions | AGREED |
| 2 | Coverage | AGREED |
| 3 | Purpose | AGREED |
| 4 | Burden of Proof | AGREED |
| 5 | Plaintiff's Proposed Instruction 5: Essential Elements | DISPUTED |
| | G4S' Proposed Instruction 5: Essential Elements | DISPUTED |
| 6 | G4S' Proposed Instruction 6: Essential Critical Factor | DISPUTED |
| 7 | Plaintiff's Proposed Instruction 7: Retaliation | DISPUTED |
| 8 | Pretext | AGREED |
| 9 | Plaintiff's Proposed Instruction 9: But-For Causation | DISPUTED |
| 10 | Corporation ADEA Instruction | AGREED |

| 11 | Plaintiff's Proposed Instruction 11: Compensatory Damages | DISPUTED |
|---|---|---|
| 12 | Plaintiff's Proposed Instruction 12: Liquidated Damages | DISPUTED |
| 13 | Plaintiff's Proposed Instruction 13: Punitive Damages | DISPUTED |
| 14 | Plaintiff's Proposed Instruction 14: Front Pay | DISPUTED |
| **ISSUE 2** | **Did Plaintiff and Defendant enter into a contract?** | |
| 15 | G4S' Proposed Instruction 15: Issue of Formation – Common Law | DISPUTED |
| **ISSUE 3** | **Did Defendant breach the contract (by non-performance)?** | |
| 16 | Plaintiff's Proposed Instruction 16: Issue of Breach by Non-Performance | DISPUTED |
| | G4S' Proposed Instruction 16: Issue of Breach by Non-Performance | DISPUTED |
| 17 | Plaintiff's Proposed Instruction 17: Issue of Common Law Remedy – Damages in General | DISPUTED |
| 18 | Plaintiff's Proposed Instruction 18: Issue of Common Law Remedy – Future Worth of Damages in Present Value | DISPUTED |

3

| | | |
|---|---|---|
| 19 | Issue of Breach – Defense of Prevention by Plaintiff | AGREED |
| 20 | Issue of Breach – Defense of Frustration of Purpose | AGREED |
| **ISSUE 4** | **Do you find that Defendant is liable to Plaintiff for violating the North Carolina Wage & Hour Act?** | |
| 21 | Wage & Hour Act – Wage Payment Claim | AGREED |
| 22 | Plaintiff's Proposed Instruction 22: Wage & Hour Act – Wage Payment Claim – Damages | DISPUTED |
| 23 | Plaintiff's Proposed Instruction 23: N.C. Gen. Stat. § 95-25.7. Payment to separated employees. | DISPUTED |
| 23 | Plaintiff's Proposed Instruction 23: N.C.G.S. § 95-12 "Vacation pay plans" | DISPUTED |
| 24 | Plaintiff's Proposed Conditional Instruction 24: N.C. Gen. Stat. § 95-25.7. Payment to separated employees. | DISPUTED |
| 24 | Plaintiff's Proposed Conditional Instruction 24: N.C. Gen. Stat. § 95-25.22 Recovery of unpaid wages | DISPUTED |

4

| ISSUE 5 | Did Defendant terminate Plaintiff's employment and violate the Wage & Hour Act? | DISPUTED |
|---------|-----------------------------------------------------------------------------------|----------|
| 25 | Plaintiff's Proposed Instruction 25: Wrongful (Tortious) Termination | DISPUTED |
| 26 | Plaintiff's Proposed Instruction 26: Employer's Defense to Wrongful (Tortious) Termination | DISPUTED |
| 27 | Plaintiff's Proposed Instruction 27: Employment Discrimination – Pretext Case | DISPUTED |
| 28 | Plaintiff's Proposed Instruction 28: Employment Discrimination – Mixed Motive Case | DISPUTED |
| 29 | Plaintiff's Proposed Instruction 29: Damages Strong's: Master and Servant § 10.3 | DISPUTED |
| 30 | Plaintiff's Proposed Instruction 30: Mitigation of Damages | DISPUTED |

1.    The first issue on the verdict form reads: "Do you find that Defendant is liable to Plaintiff for violating the Age Discrimination in Employment Act?"

**Instruction 1: General Instructions**[1]

Plaintiff brings his claim under the federal Age Discrimination in Employment Act (ADEA), which prohibits all forms of employment discrimination on the basis of age.

The ADEA, 29 U.S.C. § 623, provides in pertinent part:

(a)  It shall be unlawful for an employer—

    (1)    to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age.

(b)  It shall be unlawful for an employer to discriminate against any of his employees or applicants for employment because such employee or applicant for employment has opposed any practice made unlawful by this section, or because such employee or applicant for employment has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or litigation under this chapter.

---

[1] 5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-23.

## **Instruction 2: Coverage**[2]

The prohibitions contained in the Age Discrimination in Employment Act make it unlawful for an employer to discriminate because of age against an individual who is 40 years old or older.

---

[2] 5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-24.

**<u>Instruction 3: Purpose</u>**[3]

The purpose of the Age Discrimination in Employment Act is to promote the employment of older persons based on their ability and to prohibit arbitrary age discrimination in employment.

---

[3] 5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-25.

## **Instruction 4: Burden of Proof**[4]

To prove his claim of a violation of the Age Discrimination in Employment Act, Plaintiff must establish each of the essential elements of his claim by a preponderance of the evidence.

---

[4] 5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-26.

## Plaintiff's Proposed Instruction 5: Essential Elements[5]

The essential elements of the plaintiff's claim, each of which he must prove by a preponderance of the evidence, are:

1.  that the defendant took an adverse employment action against the plaintiff, specifically termination, failure to provide vacation pay, severance pay or bonuses, and/or failure to assign work;

2.  that at the time the adverse action was taken, plaintiff was at least 40 years old; and

3.  that plaintiff's age was the critical factor in defendant's decision to take the adverse action.

In order to prove that the plaintiff's age was the critical factor, the plaintiff must show that, except for the consideration of his age, the defendant would not have taken this adverse action. The plaintiff may prove this through direct evidence or through circumstantial evidence.

## G4S' Objections to Plaintiff's Proposed Instruction 5

G4S objects to Plaintiff's proposed jury instruction, which fails to consider whether Plaintiff was performing at a satisfactory level, meeting G4S' legitimate expectations, and whether Plaintiff was replaced by a substantially younger individual.

---

[5]   5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-27.

Each of these factors are essential elements under considerable Fourth Circuit case law contemplating the elements of claims of age discrimination under federal law.

**G4S' Proposed Instruction 5: Essential Elements[6]**

The essential elements of Plaintiff's claim, each of which he must prove by a preponderance of the evidence, are:

1.    Plaintiff is at least 40 years of age;

2.    Plaintiff was performing at a satisfactory level, meeting G4S' legitimate expectations;

3.    an adverse employment action against Plaintiff; and

4.    Plaintiff was replaced by a substantially younger individual.


**Plaintiff's Objections to Defendant's Proposed Instruction 5**

Plaintiff objects to Defendant's proposed jury instruction, which fails to consider that Defendant has admitted Plaintiff's position was "off the books" (that in his recorded position of "Site Manager" he had been replaced by Alton Hymen, a substantially younger individual, but there was no official "position" as "fixer" during

---

[6] *See, e.g., Hartman v. Univ. of Md. at Balt.*, 595 Fed. Appx. 179, 181 (4th Cir. 2014); *Hill v. Lockheed Martin Logistics Mgmt.*, 354 F.3d 277, 285 (4th Cir. 2004); *Arthur v. Pet Dary*, 593 Fed. Appx. 211, 216–17 (4th Cir. 2015); *Harris v. Powhatan County Sch. Bd.*, 543 Fed. Appx. 343, 347 (4th Cir. 2013).

his last year of employment by G4S), although the corporate records show him as a permanent employee entitled to PTO and other benefits. Consequently, Fourth Circuit case law contemplates an application of the elements of claims of age discrimination under federal law to meet the unique facts and circumstances of each case, and to fulfill the stated legislative purpose of the law. See 29 U.S.C. § 621.

## G4S' Proposed Instruction 6: Essential Critical Factor[7]

If Plaintiff establishes each of the elements presented in Instruction 5: Essential Elements above, Plaintiff must then also prove that his age was the critical factor in Defendant's decision to take the adverse action. To prove age was the critical factor, Plaintiff must show that, but for the consideration of his age, Defendant would not have taken this adverse action. If you find that G4S' actions were not based on or not caused by Plaintiff's age, then you cannot find for Plaintiff.

## Plaintiff's Objections to Defendant's Proposed Instruction 6

Plaintiff objects to Defendant's proposed jury instruction, which disregards the applicable law and unnecessarily compounds Plaintiff's burden and is therefore potentially confusing. *See, e.g., Gross v. FBL Fin. Servs., Inc.*, 557 U.S. 167, 129 S. Ct. 2343, 174 L. Ed. 2d 119 (2009). *But cf. Price Waterhouse v. Hopkins*, 490 U.S. 228, 109 S. Ct. 1775, 104 L. Ed. 2d 268 (1989) (superseded by statute) (applying a burden-shifting framework to mixed-motive claims brought under Title VII). Additionally, Defendant's instruction is overly broad in its last phrase "cannot find for Plaintiff" which implies that such a determination would eliminate the second and third issues, instead the last phrase should read: then you "must answer this issue in

---

[7] *Bishop v. Peppertree Resorts, Ltd.*, 212 F. Supp. 2d 518, 521–22 (W.D.N.C. 2002); 5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-27.

13

favor of Defendant G4S." Plaintiff does not object to an appropriate "but for" instruction, see Plaintiff's proposed Instruction No. 9, *infra*, and proposes the following instruction, taken from 5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, **Instruction 88-29B, modified as follows**:

### "But-for" Causation

**The plaintiff has introduced evidence that he claims demonstrates that an illegitimate factor—age—was a motivating factor in an employment decision or decisions adverse to the plaintiff by:** 1) failing or refusing to give Plaintiff job assignments; 2) not providing requested vacation pay in accordance with G4S policy; 3) tendering a severance agreement and general release in exchange for termination on terms deemed discriminatory and unacceptable to plaintiff; 4) not offering equitable severance pay; and/or 5) not paying Plaintiff an entitled pro-rata bonus, and/or termination with no vacation pay, no severance pay, and no bonus**. If you believe the plaintiff's evidence and are persuaded by a preponderance of the evidence that, except for the consideration of age, the defendant would not have made the same employment decision, then you must find for the plaintiff as to this issue.**

14

## Plaintiff's Proposed Instruction 7: Retaliation Claim[8]

The plaintiff claims that the defendant retaliated against him because he complained that his employer was engaging in age discrimination. Protesting age discrimination in employment is protected activity, whether the protest is justified or not. Accordingly, to make out his claim of retaliation, plaintiff must prove, by a preponderance of the evidence, each of the following essential elements:

1. that the plaintiff complained of age discrimination in his employment, specifically by making written objection to the proposed severance agreement and release;

2. that the defendant was aware of the plaintiff's complaint;

3. that the plaintiff was then subjected to one or more of the following material adverse actions by the defendant: 1) failing or refusing to give Plaintiff job assignments; 2) not providing requested vacation pay in accordance with G4S policy; 3) tendering a severance agreement and general release in exchange for termination on terms deemed discriminatory and unacceptable to plaintiff; 4) not offering equitable severance pay; and/or 5) not paying Plaintiff an entitled pro-rata bonus,

---

[8]     5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-28.

and/or termination with no vacation pay, no severance pay, and no bonus; and

4. that the defendant took one or more of the adverse actions because of the plaintiff's complaint.

With respect to the third element, an adverse action is "material" if it might well have discouraged a reasonable worker from complaining about age discrimination in employment. The adverse action itself, however, need not be related to the plaintiff's employment.

With respect to the fourth element, it must be the case that, but for the plaintiff's complaint about age discrimination in employment, the defendant would not have taken the adverse action.

## G4S' Objections to Plaintiff's Proposed Instruction 7

G4S objects to Plaintiff's proposed jury instruction because Plaintiff has not included a claim of retaliation in his Amended Complaint. Plaintiff's Amended Complaint contains a single cause of action for alleged age discrimination in violation of the ADEA and makes only a passing reference to alleged retaliation seemingly only in support of the alleged age discrimination claim. Because Plaintiff has not pled a retaliation claim, G4S objects to the inclusion of any jury instruction referencing retaliation.

G4S further objects to Plaintiff's proposed instruction, which includes information not yet in evidence, is disputed, and makes improper conclusions. Plaintiff cannot provide a jury instruction purporting to include evidence that has not yet been offered to the jury and that is highly contested by G4S. Plaintiff cannot pose an instruction that automatically deems any employment decisions "adverse to the plaintiff." As a factual issue, such a determination is within the province of the jury and cannot be pre-determined in the jury instructions. Moreover, G4S states that each item presented in Plaintiff's list is highly prejudicial to G4S. G4S argues that: 1) it had no duty to offer Plaintiff any job assignment for which he did not apply; 2) it acted in accord with its policies; 3) Plaintiff provided no basis for why the terms were discriminatory and unacceptable, and use of such terms in jury instructions in such a manner is prejudicial to G4S; 4) G4S did not have to offer any severance pay, and disputes that its offer was "not equitable;" and 5) Plaintiff was not "entitled" to any bonus, vacation pay, or severance. As these factual issues are disputed and presented in such a biased manner that would prejudice G4S, this proposed instruction cannot properly be placed before the jury. *United States v. Johnson*, 600 Fed. Appx. 872, 876 (4th Cir. 2015) (erroneous jury instructions are prejudicial); *United States v. Higgs*, 353 F.3d 281, 309 (4th Cir. 2003) (error in jury instruction if prejudicial); *Womack v. Tierco Md., Inc.*, 38 Fed. Appx. 850, 855 (4th Cir. 2002) (error in jury instruction if prejudicial).

17

G4S also maintains that according to Fourth Circuit case law, Plaintiff must establish each of the four factors presented in G4S' Proposed Instruction 5: Essential Elements in addition to proving but-for causation, and Plaintiff's proposed instruction above fails to consider all relevant law.

## Instruction 8: Pretext[9]

If Defendant has offered evidence tending to show a nondiscriminatory reason for the challenged action, you should consider whether Defendant's articulated reason for its action is not the true reason why Defendant took adverse action against Plaintiff and whether the true reason for the adverse action was age discrimination.

When you consider Plaintiff's evidence that the reason advanced by Defendant is a pretext, keep in mind that the relevant question is not whether Defendant's reason showed poor or erroneous judgment. Defendant would be entitled to make its decision for a good reason, a bad reason, or for no reason at all, so long as the decision was not motivated by unlawful discrimination.

It is Plaintiff's burden to persuade you, by a preponderance of the evidence, that Defendant took the adverse action against Plaintiff because of his age. If you do not believe Defendant's explanation for its action, then you may infer, but need not infer, that the real reason was that Defendant intentionally discriminated against Plaintiff because of his age.

---

[9] 5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-37A. Plaintiff added the following citation: *see also, Halperin v. Abacus Technology Corp.*, 128 F.3d 191 (4th Cir. 1997), *overruled on other grounds by Baird ex rel. Baird v. Rose*, 192 F.3d 462 (4th Cir. 1999).

## Plaintiff's Proposed Instruction 9: But-for Causation[10]

**The plaintiff has introduced evidence that he claims demonstrates that an illegitimate factor—age—was a motivating factor in an employment decision or decisions adverse to the plaintiff by:** 1) failing or refusing to give Plaintiff job assignments; 2) not providing requested vacation pay in accordance with G4S policy; 3) tendering a severance agreement and general release in exchange for termination on terms deemed discriminatory and unacceptable to plaintiff; 4) not offering equitable severance pay; and/or 5) not paying Plaintiff an entitled pro-rata bonus, and/or termination with no vacation pay, no severance pay, and no bonus. **If you believe the plaintiff's evidence and are persuaded by a preponderance of the evidence that, except for the consideration of age, the defendant would not have made the same employment decision, then you must find for the plaintiff as to this issue.**

## G4S' Objections to Plaintiff's Proposed Instruction 9

G4S objects to Plaintiff's proposed jury instruction because it is redundant in light of both Plaintiff's Proposed Instruction 5: Essential Elements and G4S' Proposed Instruction 6: Essential Critical Factor, and G4S does not wish to confuse the jury with such duplication.

G4S repeats its objections as presented in its objections to Plaintiff's Proposed Instruction 7: Retaliation. G4S objects to Plaintiff's proposed instruction, which

---

[10]     5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-29B.

includes information not yet in evidence, is disputed, and makes improper conclusions. Plaintiff cannot provide a jury instruction purporting to include evidence that has not yet been offered to the jury and that is highly contested by G4S. Plaintiff cannot pose an instruction that automatically deems any employment decisions "adverse to the plaintiff." As a factual issue, such a determination is within the province of the jury and cannot be pre-determined in the jury instructions. Moreover, G4S states that each item presented in Plaintiff's list is highly prejudicial to G4S. G4S argues that: 1) it had no duty to offer Plaintiff any job assignment for which he did not apply; 2) it acted in accord with its policies; 3) Plaintiff provided no basis for why the terms were discriminatory and unacceptable, and use of such terms in jury instructions in such a manner is prejudicial to G4S; 4) G4S did not have to offer any severance pay, and disputes that its offer was "not equitable;" and 5) Plaintiff was not "entitled" to any bonus, vacation pay, or severance. As these factual issues are disputed and presented in such a biased manner that would prejudice G4S, this proposed instruction cannot properly be placed before the jury. *United States v. Johnson*, 600 Fed. Appx. 872, 876 (4th Cir. 2015) (erroneous jury instructions are prejudicial); *United States v. Higgs*, 353 F.3d 281, 309 (4th Cir. 2003) (error in jury instruction if prejudicial); *Womack v. Tierco Md., Inc.*, 38 Fed. Appx. 850, 855 (4th Cir. 2002) (error in jury instruction if prejudicial).

G4S also maintains that according to Fourth Circuit case law, Plaintiff must establish each of the four factors presented in G4S' Proposed Instruction 5: Essential Elements in addition to proving but-for causation, and Plaintiff's proposed instruction above fails to consider all relevant law.

## Instruction 10: Corporation ADEA Instruction[11]

You must now determine, in accordance with my instructions, whether Plaintiff has proved by a preponderance of the evidence that he was the victim of age discrimination on the part of Defendant. Defendant, a corporation, can only act through its employees, and the relevant employees are the ones who made the adverse employment decision of which Plaintiff here complains.

It is unlawful for an employer to intentionally discriminate against an employee on the basis of age, specifically, on the basis that that employee is 40 years old or older. This prohibition against age discrimination is not intended to interfere with the right of an employer to exercise its business judgment to make employment decisions for any other reason, good or bad. But if Plaintiff proves by a preponderance of the evidence that Defendant, in taking the adverse action against Plaintiff here in issue, was consciously motivated by consideration of Plaintiff's age, and that, but for that consideration, Defendant would not have taken the action, then Plaintiff will have established Defendant's liability for age discrimination.

---

[11] 5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-37B. Plaintiff added the following citation: ("Instruction 88-37B Short-Form ADEA Instruction", as "adapted from the instruction of Judge Rakoff in Griffin v. Four Seasons Resorts & Hotels, Ltd., 94 Civ. 4759 (S.D.N.Y. May 15, 1998)".

## Plaintiff's Proposed Instruction 11: Compensatory Damages[12]

Under the ADEA, a successful plaintiff is entitled to recover lost wages and benefits, including increases in wages. The amount of wages and benefits due is determined by calculating the amount that would have been earned from the date of adverse action to the date you, the jury, return a verdict, unless the plaintiff would have been terminated or discharged for nondiscriminatory reasons prior to trial. In the latter circumstances, lost wages and benefits are calculated from the date of the adverse action to the date such discharge would have occurred.

## G4S' Objections to Plaintiff's Proposed Instruction 11

G4S objects to Plaintiff's proposed jury instruction because instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 403, 403.

---

[12]    5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-38 ("Compensatory Damages").

## Plaintiff's Proposed Instruction 12: Liquidated Damages[13]

If you find that the defendant's violation of the ADEA was "willful," you must award the plaintiff liquidated damages—that is, an additional amount equal to the lost wages and benefits you award. Liquidated damages must be awarded to the plaintiff in addition to the lost wages and benefits he receives.

The defendant acted willfully if he deliberately, intentionally, and knowingly took adverse action against the plaintiff because of his age and the defendant knew that such conduct was unlawful or showed reckless disregard of whether such conduct was unlawful or not, that is, the defendant knew there was a high probability that such conduct was unlawful but went ahead anyway.

## G4S' Objections to Plaintiff's Proposed Instruction 12

G4S objects to Plaintiff's proposed jury instruction because instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 403, 403.

In addition, Plaintiff does not seek liquidated damages in his Amended Complaint and therefore, any jury instruction regarding liquidated damages for Plaintiff's ADEA claim is inappropriate.

---

[13]    5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-39 ("Liquidated Damages"); Gilliam v. Armtex, Inc., 820 F.2d 1387 (4th Cir. 1987).

## Plaintiff's Proposed Instruction 13: Punitive Damages[14]

I instruct you that even if the plaintiff persuades you that the defendant has violated the ADEA, you may *not* award the plaintiff damages for pain and suffering or for punitive damages.

## G4S' Objections to Plaintiff's Proposed Instruction 13

G4S objects to Plaintiff's proposed jury instruction because, even though the instruction states that Plaintiff may not be awarded punitive damages, any instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 403, 403.

In addition, any inclusion of jury instruction referencing damages, and punitive damages in particular, may confuse the jury. Plaintiff does not seek punitive damages in his Amended Complaint, so the decision to not include Plaintiff's proposed jury instruction would not otherwise prejudice Plaintiff.

---

[14]    Plaintiff gracefully yields, but takes exception to the Court's ruling at Summary Judgment dismissing his claims for *e.g.*, Punitive Damages, and believes that the Court may reconsider what legal relief is available to Plaintiff following the presentation of evidence at trial, at which time an appropriate instruction on Punitive Damages under N.C.Gen.Stat. § 1D and 42 U.S.C. § 1981 *et seq.* will be tendered.  Plaintiff does not like the submitted instruction, but believes that the law permits such an instruction under the A.D.E.A. subject to the above qualification and reservation of any right to amend the complaint to conform to the evidence admitted at trial. Given Defendant's objection to the instruction, Plaintiff's Counsel withdraws his request for said instruction, and tenders the above instruction in order to fulfill the duty to advise the Court of adverse authority on point, which he has now done,

## Plaintiff's Proposed Instruction 14: Front Pay[15]

I instruct you that if the plaintiff persuades you that the defendant has violated the ADEA you may award the plaintiff prospective damages, sometimes called front pay.

## G4S' Objections to Plaintiff's Proposed Instruction 14

G4S objects to Plaintiff's proposed jury instruction because instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 403, 403.

---

[15] 5-88 Modern Federal Jury Instructions – Civil ¶ 88.02, Instruction 88-41 ("Front Pay").

**2.     The second issue on the verdict form reads: "Did Plaintiff and Defendant enter into a contract?"**

**G4S' Proposed Instruction 15: Issue of Formation – Common Law[16]**

"Did Plaintiff and Defendant enter into a contract?"

On this issue the burden of proof is on Plaintiff. This means that Plaintiff must prove, by the greater weight of the evidence, two things:

<u>First</u>, that Plaintiff and Defendant mutually assented to the same material terms for doing or refraining from doing a particular thing.

<u>Second</u>, that the mutual assent of the parties was supported by an adequate consideration.

I will now explain to you the meaning of these two requirements.

With regard to the first requirement, for the parties to have mutually assented, each of them must have agreed to the same material terms for doing or refraining from doing a particular thing.

<u>Mutual Assent</u>. Mutual assent occurs when an offer is communicated by one party to the other, and the other party accepts the offer. Mutual assent must be determined from the written words of the parties. Each party's written words must have such meaning as a reasonable person would give under the same or similar circumstances. In determining what meaning a reasonable person would give to the

---

[16] North Carolina Pattern Jury Instructions ("N.C.P.I.") – Civil 501.01.

28

parties' written words, you should consider the evidence as to all the circumstances existing at the time of the offer and acceptance.

Time for Performance. Where the parties did not expressly provide a time for the performance of an act or the doing of a thing, the parties are deemed to have agreed that the act may be performed or the thing may be done within a reasonable time. In determining what constitutes a reasonable time, you may consider the subject matter and purpose of the proposed contract, the intentions and circumstances of the parties, the anticipated scope of performance by each party, and the parties' course of performance.

Termination. Where the parties did not expressly provide a duration for their contractual relationship, the parties are deemed to have agreed that either of them may terminate their contract upon reasonable notice to the other. In determining what constitutes reasonable notice, you may consider the length of time the parties should have reasonably expected their contractual relationship to last and the parties' course of performance.

With regard to the second requirement that the mutual agreement of the parties was supported by an adequate consideration, "consideration" means something of value. Such value may consist of some right, interest, profit or benefit accruing to one party or some forbearance, burden, detriment, loss or responsibility given, suffered or undertaken by the other.

29

Finally, as to the issue presented in Instruction 9 on which Plaintiff has the burden of proof, if you find by the greater weight of the evidence that Plaintiff and Defendant entered into a contract, then it would be your duty to answer this issue "Yes" in favor of Plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of Defendant.

### <u>Plaintiff's Objections to Defendant's Proposed Instruction 6</u>

Plaintiff objects to Defendant's proposed jury instruction, as phrased, and submits that under North Carolina law, the Court must instruct on basic Contract formation, including "offer" and "acceptance" as well as "unilateral contract" as follows:

3. **The third issue on the verdict form reads: "Did Defendant breach the contract (by non-performance)?"**

**Plaintiff's Proposed Jury Instruction 16:**
*N.C.P.I. Civil 502.00 Contracts - Issue of Breach By Non-Performance Contracts - Issue of Breach by Non-Performance*

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:

First, that the time had come for the defendant to perform or abide by a material term of the contract. This means that, at the time of the alleged breach:

In or about March 2015, Bonuses were paid to employees of the Mid-Atlantic Region of G4S in accordance with the written contract terms of the G4S BONUS PERFORMANCE CONTRACT – 2014 (Complaint Exhibit 1).

Each condition precedent to the defendant's obligation to perform was satisfied**; OR,**

Defendant and/or Defendant's agent had prevented the plaintiff from performing a condition precedent to the defendant's obligation to perform.

Second, that the defendant failed to perform or abide by a material term of the contract. (A material term is one that is essential to the transaction, that is, a term which, if omitted or modified, would cause one of the parties to withhold assent or to bargain for a substantially different term. Not every term in a contract is material. A party's failure to perform/abide by a term that is not material is not a breach of

31

contract. In determining whether a term is material, you may consider the following factors:

> the subject matter and purpose of the contract;

> the intentions of the parties;

> the scope of performance reasonably expected by each party;

> the prior dealings of the parties;

> any custom, practice or usage so commonly known to other

reasonable persons, in similar situations, that the parties knew or should have known of its existence**;**

In this case the plaintiff contends, and the defendant denies, that each condition precedent to the defendant's obligation to perform was satisfied and Defendant paid bonuses to employees of the Mid-Atlantic Region in early 2015; OR,

The defendant and/or defendant's agent**]** had prevented the plaintiff from performing a condition precedent to the defendant's obligation to perform by eliminating the Regional Position of Manager of Field Support and failing to perform an evaluation of Plaintiff's performance and the stated goals;

Defendant**/**Defendant's agent (Burchett) had it within *his* power or control to perform a condition precedent to the defendant's obligation to perform but failed to do so without reasonable excuse **or** in bad faith as follows**:** by failing to sign the 2014 Bonus plan; by failing to include Plaintiff in the bonus calculations for a pro rata share

based on the time spent in 2014 as a Manager of Field Support, and by failing to conduct an evaluation of Plaintiff's performance under the G4S Performance Bonus Contract – 2014..

Finally, as to the above issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant breached the contract (by non- performance), then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

### G4S' Objections to Plaintiff's Proposed Instruction 16

G4S objects to Plaintiff's proposed jury instruction because it is unclear and includes information that is not relevant to the issue in this case or makes statements that have not been, and may not even during trial be, established. As but one example, it would be extremely prejudicial to G4S to include in the jury instructions that "Defendant/Defendant's agent (Burchett) had it within *his* power or control to perform a condition precedent to the defendant's obligation to perform but failed to do so without reasonable excuse **or** in bad faith. . . ." G4S objects to Plaintiff's proposed jury instruction because it includes information that is immaterial, irrelevant, and highly prejudicial to G4S. FED. R. EVID. 401, 403, 403.

**G4S' Proposed Instruction 16: Issue of Breach by Non-Performance**[17]

"Did Defendant breach the contract (by non-performance)?"

You will answer this issue only if you have answered Instruction 9: Issue of Formation – Common Law "Yes" in favor of Plaintiff.

On this issue the burden of proof is on Plaintiff. This means that Plaintiff must prove, by the greater weight of the evidence, two things:

<u>First</u>, that the time had come for Defendant to perform or abide by a material term of the contract. This means that, at the time of the alleged breach, each condition precedent to Defendant's obligation to perform was satisfied.

<u>Second</u>, that Defendant failed to perform or abide by a material term of the contract. (A material term is one that is essential to the transaction, that is, a term which, if omitted or modified, would cause one of the parties to withhold assent or to bargain for a substantially different term. Not every term in a contract is material. A party's failure to perform or abide by a term that is not material is not a breach of contract. In determining whether a term is material, you may consider the subject matter and purpose of the contract or the scope of performance reasonably expected by each party.

---

[17] N.C.P.I. – Civil 502.00.

In this case Plaintiff contends, and Defendant denies, that each condition precedent to Defendant's obligation to perform was satisfied and Defendant paid bonuses to employees of the Mid-Atlantic Region in early 2015.

Finally, as to the above issue on which Plaintiff has the burden of proof, if you find by the greater weight of the evidence that Defendant breached the contract (by non- performance), then it would be your duty to answer this issue "Yes" in favor of Plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of Defendant.

### **<u>Plaintiff's Objections to Defendant's Proposed Instruction 16:</u>**

Plaintiff objects to Defendant's proposed jury instruction to the extent it fails to include an instruction regarding Defendant's prevention of performance by plaintiff, as a recognized element under North Caroina law, *viz:*

  * OR,

The defendant and/or defendant's agent] had prevented the plaintiff from performing a condition precedent to the defendant's obligation to perform by eliminating the Regional Position of Manager of Field Support and failing to perform an evaluation of Plaintiff's performance and the stated goals;

*Defendant/Defendant's agent (Burchett) had it within* his *power or control to perform a condition precedent to the defendant's obligation to perform but failed to do so without reasonable excuse **or** in bad faith as follows: by failing to sign the 2014 Bonus plan; by failing to include Plaintiff in the bonus calculations for a pro rata*

*share based on the time spent in 2014 as a Manager of Field Support, and by failing to conduct an evaluation of Plaintiff's performance under the G4S Performance Bonus Contract – 2014.* <u>*N.C.P.I. Civil 502.00 Contracts - Issue of Breach By Non-Performance, "Contracts - Issue of Breach by Non-Performance"*</u>

**Plaintiff's Proposed Instruction 17:**
N.C.P.I. Civil 503.09 Contracts - Issue of Common Law Remedy - Damages in General
**Contracts - Issue of Common Law Remedy - Damages in General**

Actual damages are the fair compensation to be awarded to a person for any past**,** present**, or** future economic injury resulting from a breach of contract.

In determining the amount, if any, you award the plaintiff, you will consider the evidence you have heard as to (each of the following types of damages):

[direct damages] [incidental damages] [consequential damages]

I will now explain the law of damages as it relates to each of these.

N.C.P.I. Civil 503.06 Contracts - Issue of Common Law Remedy - Statement of Damages Issue (North Carolina Pattern Jury Instructions for Civil Cases (2016 Edition)

The (state number) issue reads: "What amount is the plaintiff entitled to recover from the defendant for breach of contract?" If you have answered the (state number) issue "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages sustained as a result of the breach. A person damaged by a breach of contract is entitled to be placed, insofar as this can be done by money, in the same position he would have occupied if there had been no breach of the contract.

Generally, for a breach of contract, the injured party is entitled as compensation to be placed, insofar as this can be done by money, in the same position he would

37

have occupied if the contract had been performed.[18] An injured party has a right to damages . . . measured by: (a) the loss in the value to him of the other party's performance caused by its failure or deficiency, plus (b) any other loss, including incidental or consequential loss, caused by the breach, less (c) any cost or other loss that he has avoided by not having to perform. [19]

N.C.P.I. Civil 503.70 Contracts - Issue of Common Law Remedy - Incidental Damages (North Carolina Pattern Jury Instructions for Civil Cases (2016 Edition))

To the amount of direct damages add all incidental damages,(fn1) if any, sustained by the plaintiff.

Incidental damages include (any of the following supported by evidence admitted at trial):

[[costs] [obligations] reasonably incurred by the plaintiff in preparing to perform the plaintiff's responsibilities under the contract]

[[costs] [obligations] reasonably incurred by the plaintiff prior to being able to respond to defendant's breach]

[[costs] [obligations] reasonably incurred by the plaintiff in response to the defendant's breach]

---

[18] Pleasant Valley Promenade v. Lechmere, Inc., 120 N.C. App. 650, 665, 464 S.E.2d 47, 59 (1995); First Union Nat. Bank v. Naylor, 102 N.C. App. 719, 725, 404 S.E.2d 161, 164 (1991) (quoting Perfecting Serv. Co. v. Product Dev. and Sales Co., 259 N.C. 400, 415, 131 S.E.2d 9, 21 (1963)). See also Fulcher v. Nelson, 273 N.C. 221, 226, 159 S.E.2d 519, 523 (1968) (quoting Perkins v. Langdon, 237 N.C. 159, 169, 74 S.E.2d 634, 643 (1953)).

[19] Pleasant Valley at 665, 464 S.E.2d at 59 (quoting First Union at 725, 404 S.E.2d at 164). The right to incidental damages applies in almost every breach of contract setting

[[costs] [obligations] reasonably incurred by the plaintiff for the purpose of minimizing the injury resulting from the defendant's breach].(fn2)

In this case, the plaintiff contends, and the defendant denies, that the plaintiff sustained the following incidental damages (here enumerate the type(s) of incidental damages contended by the plaintiff and supported by the evidence):

Plaintiff's labor, services, and accommodation to Defendant's request to continue his employment. A *pro-rata* percentage (15%) of Plaintiff's salary during 2014, for the months in which he served as Field Support Manager for the Mid-Atlantic Region (January to September).[20]

### G4S' Objections to Plaintiff's Proposed Instruction 17

G4S objects to Plaintiff's proposed jury instruction because instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 403, 403.

In addition, Plaintiff's proposed jury instruction is unclear and seems to be incomplete as it has not indicated which type(s) of damages it claims and does not explain the law of damages as it relates to any of them.

---

[20] As may be shown by the evidence admitted at trial. Plaintiff's claim for "Breach of Contract" is based on his original complaint and the Court's ruling denying summary judgment as to said issue. The formulation of his breach of contract damages are as shown in Plaintiff's Exhibit 21 (Grusky Dep Exh 19) G4s Bonus Performance Contract – 2014. As a pro-rata percentage (15%) of Plaintiff's salary during 2014 for the months in which he served as Field Support Manager for the Mid-Atlantic Region.

Plaintiff also does not seek direct, incidental, or consequential damages in his original Complaint or his Amended Complaint and therefore, any jury instruction regarding any such damages is inappropriate.

**Plaintiff's Proposed Instruction 18:**
N.C.P.I. Civil 503.76 Contracts - Issue of Common Law Remedy - Future Worth of Damages in Present Value
**Contracts - Issue of Common Law Remedy - Future Worth of Damages In Present Value**

Any amount you allow as future damages for breach of contract must be reduced to its present value, because a smaller sum received now is equal to a larger sum received in the future.

(Notwithstanding, there is evidence before you that the calculation(s) of the plaintiff's future damages have already been reduced to their present value(s). Whether they have in fact been so reduced is for you to determine from the evidence using logic and common sense. Therefore, if you find that any type of future damage has already been reduced to its present value, you must not reduce it again.)

**G4S' Objections to Plaintiff's Proposed Instruction 18**

G4S objects to Plaintiff's proposed jury instruction because instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 403, 403.

## Instruction 19: Issue of Breach – Defense of Prevention by Plaintiff[21]

You will answer the following question only if you have answered the issue in Instruction [16]: Issue of Breach by Non-Performance "Yes" in favor of Plaintiff:

"Was Defendant's failure to perform or abide by a material term of the contract caused by the conduct of Plaintiff?"

On this issue the burden of proof is on Defendant. This means that Defendant must prove, by the greater weight of the evidence, that Plaintiff knowingly and without justification prevented or hindered Defendant's performance of or ability to abide by the material term(s) of the contract which Plaintiff contends Defendant has breached. A person does not breach a contract where the reason for his non-compliance with a material term is the other party's prevention or hindrance.

Finally, as to the above issue in Instruction 19 on which Defendant has the burden of proof, if you find by the greater weight of evidence that Defendant's failure to perform or abide by a material term of the contract was caused by the conduct of Plaintiff, then it would be your duty to answer this issue "Yes" in favor of Defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of Plaintiff.

---

[21] N.C.P.I. – Civil 502.20.

**Instruction 20: Issue of Breach – Defense of Frustration of Purpose[22]**

You will answer the following question only if you have answered the issue in Instruction [16]: Issue of Breach by Non-Performance "Yes" in favor of Plaintiff:

"Was Defendant's failure to perform or abide by a material term of the contract excused by an event which was not reasonably foreseeable?"

On this issue the burden of proof is on Defendant. This means that Defendant must prove, by the greater weight of the evidence, three things:

First, that an event occurred which, as a practical matter, destroyed the value of the contract to Defendant. Defendant's purpose in entering into the contract must be so frustrated by the event that the value which Defendant reasonably expected to obtain from the contract cannot be realized.

Second, that at the time the contract was entered into, the event which destroyed the value of the contract to Defendant would not have been foreseeable to reasonable persons in the positions of Plaintiff and Defendant under the same or similar circumstances.

Third, that the contract between Plaintiff and Defendant did not allocate the risk that such an event would occur.

Finally, as to the issue in Instruction 20 on which Defendant has the burden of proof, if you find by the greater weight of the evidence that Defendant's failure to

---

[22] N.C.P.I. – Civil 502.25.

perform or abide by a material term of the contract was excused by an event which was not reasonably foreseeable, then it would be your duty to answer this issue "Yes" in favor of Defendant.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of Plaintiff.

**4.**     **The fourth issue on the verdict form reads: "Do you find that Defendant is liable to Plaintiff for violating the North Carolina Wage & Hour Act?"**

**Instruction 21: Wage & Hour Act – Wage Payment Claim[23]**

"Was Plaintiff entitled to any vacation pay?"

On this issue the burden of proof is on Plaintiff. This means that Plaintiff must prove, by the greater weight of the evidence, that Defendant failed to pay vacation pay that were owed to Plaintiff as of August 26, 2016. I instruct you that if any such vacation pay was owed, it is considered wages under the North Carolina Wage and Hour Act.

Plaintiff contends that he was owed vacation pay.

Defendant contends that Plaintiff is not owed any vacation pay, and that he actually holds a negative four-hour balance as he did not accrue vacation once he was removed from his position as Regional Manager of Field Support and he used more vacation time than he was allotted.

Under the North Carolina Wage and hour Act, wages are compensation for labor or services rendered by an employee whether determined on a time, task, piece, job, day, commission or other basis of calculation.

The law requires that every employer shall pay every employee all wages accruing to the employee on a regular payday.

---
[23] N.C.P.I. – Civil 640.60.

An employee whose employment is discontinued for any reason shall be paid all wages due on or before the next regular payday.

Finally, as to the issue presented in Instruction 16 on which Plaintiff has the burden of proof, if you find by the greater weight of the evidence that Plaintiff was entitled to vacation pay under the rules that I have provided you, then it would be your duty to answer this issue "Yes" in favor of Plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of Defendant.

**Plaintiff's Proposed Instruction 22**
N.C.P.I. Civil 640.65 Employment Relationships - Wage & Hour Act - Wage Payment Claim - Damages
**640.65 Employment Relationships - Wage & Hour Act - Wage Payment Claim - Damages**

1.      Did G4S have a policy or a practice of making payments for the following wages:

    a.      vacation pay,

    b.      severance pay,

    c.      bonuses,

    d.      Paid Time Off ("PTO"), and/or Extended Leave Bank ("ELB")

    e.      other amounts promised?

2.      Was Plaintiff due any wages due upon separation?

**G4S' Objections to Plaintiff's Proposed Instruction 22**

G4S objects to Plaintiff's proposed jury instruction because G4S' policies and practices are not relevant as to severance pay, bonuses, and/or "other amounts promised" under Plaintiff's claim for vacation time owed. Plaintiff also brings his claim only as to his vacation pay, which for purposes of this case, is the same as paid time off. Further, G4S objects to including both "vacation pay" and "Paid Time Off ("PTO"), and/or Extended Leave Bank ("ELB")" because it will confuse the jury.

G4S also objects to Plaintiff's proposed jury instruction because instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the

jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 402, 403.

<u>**Plaintiff's Proposed Instruction 23**</u>

<u>**N.C. Gen. Stat. § 95-25.7. Payment to separated employees.**</u>

I instruct you that employees whose employment is discontinued for any reason shall be paid all wages due on or before the next regular payday either through the regular pay channels or by mail if requested by the employee. Wages based on bonuses, commissions or other forms of calculation shall be paid on the first regular payday after the amount becomes calculable when a separation occurs. Such wages may not be forfeited unless the employee has been notified in accordance with G.S. 95-25.13 of the employer's policy or practice which results in forfeiture.  Employees not so notified are not subject to such loss or forfeiture  The burden of proof is on Plaintiff to show that Defendant failed to pay "wages" based on bonuses, commissions or other forms of calculation on the first regular payday after the amount becomes calculable when a separation occurs.  If you so find, you must answer this issue, "YES" in favor of Plaintiff.

<u>**G4S' Objections to Plaintiff's Proposed Instruction 23**</u>

G4S objects to Plaintiff's proposed jury instruction because instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 402, 403.

G4S further objects to Plaintiff's proposed jury instruction because "commissions or other forms of calculation" is vague, irrelevant to this case, and will confuse the jury.

## Plaintiff's Proposed Instruction 23

### N.C.G.S. § 95-12 "Vacation pay plans"

I instruct you that N. C. General Stature § 95-25.12, entitled "Vacation pay plans" provides in pertinent part that:

No employer is required to provide vacation pay plans for employees. However, if an employer provides these promised benefits for employees, the employer shall give all vacation time off or payment in lieu of time off in accordance with the company policy or practice. Employees shall be notified in accordance with G.S. 95-25.13 of any policy or practice which requires or results in loss or forfeiture of vacation time or pay. Employees not so notified are not subject to such loss or forfeiture.

If you find from the greater weight of the evidence that Defendant provided the benefits of severance pay, bonuses, "vacation pay" Paid Time Off ("PTO") and/or Extended Leave Bank ("ELB") benefits as a company policy or practice, but failed to make such payments to Plaintiff, who was eligible for such payments at the time required (at the next regular paycheck following separation from employment), then it would be your duty to answer this issue "YES" in favor of Plaintiff.

## G4S' Objections to Plaintiff's Proposed Instruction 23

G4S objects to Plaintiff's proposed jury instruction because instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 402, 403.

G4S also objects to Plaintiff's proposed jury instruction because it assumes information not yet in evidence and that may not be established during the trial. Most notably, Plaintiff's proposed instruction names "Plaintiff, who was eligible for such payments at the time required," which G4S disputes. G4S maintains that Plaintiff was

not eligible to receive any such payments. Such a factual dispute is within the province of the jury, and it would be improper to place this instruction as written before the jury.

The proposed instruction would also be confusing to the jury as it is presented as the second instruction titled "Plaintiff's Proposed Instruction 23."

## Plaintiff's Proposed Conditional Instruction 24

## N.C. Gen. Stat. § 95-25.7. Payment to separated employees.


If Defendant has introduced evidence that it notified Plaintiff of a policy or practice which results in forfeiture, then the burden of proof is on Defendant to prove by the greater weight of the evidence that such notice was given. If you so find, by the greater weight of the evidence, then you would answer this issue, "NO" in favor of Defendant.'

## G4S' Objections to Plaintiff's Proposed Conditional Instruction 24

G4S objects to Plaintiff's proposed jury instruction in part because he has already presented this jury instruction as "Plaintiff's Proposed Instruction 23 N.C. Gen. Stat. § 95.25.7. Payment to separated employees." This would be redundant and confusing to the jury to have it presented again, and as one of two instructions titled Plaintiff's Proposed Conditional Instruction 24.

G4S objects to Plaintiff's proposed jury instruction because instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 402, 403.

G4S further objects to Plaintiff's proposed jury instruction because "commissions or other forms of calculation" is vague, irrelevant to this case, and will confuse the jury.

## Plaintiff's Proposed Conditional Instruction 24
## N.C. Gen. Stat. § 95-25.22 Recovery of unpaid wages[24]:

I instruct you that any employer who violates the provisions of 95-25.12 (Wage Payment) shall be liable to the employee or employees affected in the amount of their unpaid amounts due under G.S. § 95-25.12, plus interest at the legal rate set forth in G.S. 24-1, from the date each amount first came due. If you find by the greater weight of the evidence that Defendant filed to pay for Plaintiff's vacation pay, PTO, or ELB on the next payday following separation, then you shall answer this issue, "YES" in favor of Plaintiff.

**[IF THE ANSWER TO ISSUES OF FACT 1) AND 2) ABOVE IS, "YES"]:**

3.      What amount, if any, is Plaintiff entitled to recover against Defendant

G4S for amounts owed to Plaintiff for:

a.      vacation pay -              $_____?

b.      severance pay -            $_____?

c.      bonuses -                  $_____?

And/or

d.      other amounts promised (PTO/ELB)- $_____?

---

[24] In addition to the amounts awarded pursuant to subsection (a) of this section, the court shall award liquidated damages in an amount equal to the amount found to be due as provided in subsection (a) of this section, provided that if the employer shows to the satisfaction of the court that the act or omission constituting the violation was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of this Article, the court may, in its discretion, award no liquidated damages or may award any amount of liquidated damages not exceeding the amount found due as provided in subsection (a) of this section. Defendant has not requested any issue of "good faith" or corresponding instruction, but if evidence is introduced to support such a finding, then an appropriate instruction should be fashioned from the statute.

## G4S' Objections to Plaintiff's Proposed Conditional Instruction 24

G4S objects to Plaintiff's proposed jury instruction because instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury, and are immaterial, irrelevant, and highly prejudicial to G4S on any issue in this case. FED. R. EVID. 401, 402, 403.

G4S objects to Plaintiff's proposed jury instruction because G4S' policies and practices are not relevant as to severance pay, bonuses, and/or "other amounts promised" under Plaintiff's claim for vacation time owed. Plaintiff also brings his claim only as to his vacation pay, which for purposes of this case, is the same as paid time off. Further, G4S objects to including both "vacation pay" and "Paid Time Off ("PTO") because it will confuse the jury.

This is instruction will also be highly confusing to a jury as it is presented as the second of two instructions titled "Plaintiff's Proposed Conditional Instruction 24," and mis-cites N.C. Gen. Stat. § 95-25.12 as "Wage Payment," but previously identified that section as "Vacation pay plans." Plaintiff also previously separated Paid Time Off and Extended Leave Bank into a category separate from "other amounts promised," which remains a vague and irrelevant categorization, and will be confusing to a jury.

**5.**     **The fifth issue on the verdict form reads: "Did Defendant terminate Plaintiff's employment and violate the Wage & Hour Act?"**

<u>**Plaintiff's Proposed Instruction 25:**</u>
<u>N.C.P.I. Civil 640.20 Employment Relationship - Wrongful (Tortious) Termination</u>
<u>*EMPLOYMENT RELATIONSHIP-WRONGFUL (TORTIOUS) TERMINATION.*</u>

The *(state number)* issue reads:

"Was the plaintiff's participation in conduct protected by law/refusal to participate in unlawful conduct/refusal to participate in conduct which violated public policy]a substantial factor in the defendant's decision to terminate the plaintiff's employment?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:

<u>First</u>, that the plaintiff [participated in conduct protected by law] [refused to participate in unlawful conduct] [refused to participate in conduct which would violate public policy]. I instruct you that objecting to discrimination and hostility is conduct protected by law terminating an individual on the basis of his age is against the public policy of North Carolina.

<u>And Second</u>, that the plaintiff's participation in conduct protected by law/refusal to participate in conduct which violated public policy was a substantial factor in the defendant's decision to terminate the plaintiff. (Absent an agreement to the contrary, an employer may terminate an employee with or without cause, and even

55

for an arbitrary or irrational reason. Where there is an employment agreement, an employer may terminate an employee for breaching a provision of the employment agreement or for just cause. Even so, no employee may be terminated because of his participation in conduct protected by law, or his refusal to participate in unlawful conduct which violated public policy.

Finally, as to this (state number) issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the [participation in conduct protected by law] [refusal to participate in unlawful conduct] [refusal to participate in conduct which violated public policy] was a substantial factor in the defendant's decision to terminate the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

### G4S' Objections to Plaintiff's Proposed Instruction 25

G4S objects to Plaintiff's proposed jury instruction because Plaintiff's claim of wrongful discharge has been dismissed and any jury instructions on the matter are immaterial, irrelevant, and highly prejudicial to G4S. FED. R. EVID. 401, 402, 403. G4S further objects to this proposed instruction because it is unclear and seems to be incomplete, which will further confuse the jury.

**Plaintiff's Proposed Instruction 26**
N.C.P.I. Civil 640.22 Employment Relationship - Employer's Defense to
Wrongful (Tortious) Termination
**Employment Relationship - Employer's Defense to Wrongful (Tortious)
Termination**

This issue reads:

"Would the defendant have terminated the plaintiff even if the plaintiff had not
[participated in conduct protected by law] [refused to participate in unlawful conduct]
[refused to participate in conduct which violated public policy]?"

You will answer this issue only if you have answered the (state number)
issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the defendant. This means that the
defendant must prove, by the greater weight of the evidence, that the defendant would
have terminated the plaintiff even if the plaintiff had not [participated in conduct
protected by law] [refused to participate in unlawful conduct] [refused to participate in
conduct which violated public policy].

Even if the employee's [participation in conduct protected by law] [refusal to
participate in unlawful conduct] [refusal to participate in conduct which violated
public policy] was a substantial factor in the employer's decision to terminate, that
termination is not wrongful if the employer's decision to terminate would have been
the same regardless of the employee's [conduct] [refusal].

57

Finally, as to this issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the defendant would have terminated the plaintiff even if the plaintiff had not [participated in conduct protected by law] [refused to participate in unlawful conduct] [refused to participate in conduct which violated public policy], then it would be your duty to answer this issue "Yes" in favor of the defendant.

        If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the plaintiff.

### G4S' Objections to Plaintiff's Proposed Instruction 26

G4S objects to Plaintiff's proposed jury instruction because Plaintiff's claim of wrongful discharge has been dismissed and any jury instructions on the matter are immaterial, irrelevant, and highly prejudicial to G4S. FED. R. EVID. 401, 402, 403. G4S further objects to this proposed instruction because it is unclear and seems to be incomplete, which will further confuse the jury.

**<u>Plaintiff's Proposed Instruction 27:</u>**
<u>N.C.P.I. Civil 640.27 Employment Discrimination - Pretext Case</u>
**<u>Employment Discrimination - Pretext Case</u>**

NOTE WELL: This instruction is designed for what is known as a '**pretext**' case. See 42 U.S.C.A. § 1981. In a pretext case, the plaintiff seeks to prove that the reason given by the defendant for an adverse employment decision was, in reality, a pretext for a discriminatory decision. If, on the other hand, plaintiff can present sufficiently direct evidence of discrimination, plaintiff will qualify for the more favorable standards of liability applicable in '**mixed-motive**' cases. See Fuller v. Phipps, 67 F.3d 1137, 1141 (4(fnth) Cir. 1995), abrogated on other grounds, Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003).

If there are multiple claims of discriminatory acts, a separate issue should be submitted to the jury for each claim

The first issue reads:

'Did the defendant intentionally discriminate against the plaintiff because of his age and/or as retaliation for his complaint disclosing discrimination and hostility when the defendant fired the plaintiff?'

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant intentionally discriminated against him because of his age, having filed a written complaint for discrimination.

The plaintiff must prove that he was not given assignments and/or fired because of his age, and/or for having filed a written complaint regarding discrimination. I instruct you that employers are prohibited from treating employees differently because of their age**,** or for having filed a complaint for discrimination**.**

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant intentionally discriminated against the plaintiff because of his age or as retaliation for his having filed a written complaint regarding discrimination**,** when the defendant failed to assign him work and/or fired the plaintiff then it would be your duty to answer this issue 'Yes' in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue 'No' in favor of the defendant.

### G4S' Objections to Plaintiff's Proposed Instruction 27

G4S objects to Plaintiff's proposed jury instruction because Plaintiff's claim of wrongful discharge has been dismissed and any jury instructions on the matter are immaterial, irrelevant, and highly prejudicial to G4S. FED. R. EVID. 401, 402, 403. G4S further objects to this proposed instruction because it is unclear and seems to be incomplete, which will further confuse the jury.

**Plaintiff's Proposed Instruction 28:**
N.C.P.I. Civil 640.28 Employment Discrimination - Mixed Motive Case
**Employment Discrimination - Mixed Motive Case**

*NOTE WELL: This instruction is designed for what is known as a* **'mixed motive'** *case. This instruction is more favorable to the plaintiff than the 'pretext' instruction (***N.C.P.I. -- Civil 640.27***). The United States Supreme Court in Desert Palace, Inc. v. Costa, 539 U.S. 90 (2003) held that direct evidence of discrimination is not required in order to be entitled to a mixed motive instruction in an employment discrimination case under Title VII.*

If there are multiple claims of discriminatory acts, a separate issue should be submitted to the jury for each claim (one issue for race discrimination, one for sex discrimination, etc.).

The first issue reads:

'Did the defendant intentionally discriminate against the plaintiff because of his age as retaliation for his filing a complaint for discrimination when the defendant failed fired the plaintiff?'

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant intentionally discriminated against him because of his age or for having filed a complaint for discrimination].

The plaintiff must prove that his age or for having filed a complaint for discrimination] was a motivating factor in the defendant's treatment of him. The plaintiff is entitled to prevail even if you find that the defendant's conduct was also motivated by a lawful reason.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, that the defendant intentionally discriminated against the plaintiff because of his age and/or as retaliation for his having filed a written complaint for discrimination, when the defendant failed to hire/assign work,  fired the plaintiff, then it would be your duty to answer this issue 'Yes' in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue 'No' in favor of the defendant.

### G4S' Objections to Plaintiff's Proposed Instruction 28

G4S objects to Plaintiff's proposed jury instruction because Plaintiff's claim of wrongful discharge has been dismissed and any jury instructions on the matter are immaterial, irrelevant, and highly prejudicial to G4S. FED. R. EVID. 401, 402, 403. G4S further objects to this proposed instruction because it is unclear and seems to be incomplete, which will further confuse the jury.

**Plaintiff's Proposed Instruction 29:**
*N.C.P.I. Civil 640.30 Employment Relationship - Damages*
**Employment Relationship - Damages Strong's: Master and Servant § 10.3**

*This issue reads:*

What amount of damages, if any, is the plaintiff entitled to recover?"

You are to answer this issue only if you have answered the (state number(s)) (fn1) issue(s) in favor of the plaintiff. If you have so answered such issue(s), the plaintiff would be entitled to at least nominal damages without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff resulting from the [breach of the employment agreement] [wrongful termination] [adverse employment action].

In order to recover more than nominal damages, the burden of proof is on the plaintiff to prove, by the greater weight of the evidence, two things:

First, that the plaintiff has suffered actual damages by reason of the [breach of the employment agreement] [wrongful termination] [adverse employment action].

Second, the amount of such actual damages.(fn2)

Actual damages consist of that amount of money necessary to place the plaintiff in the same economic position in which he would have been if the [breach] [wrongful termination] [adverse employment action] had not occurred.

(If you find, by the greater weight of the evidence, that the plaintiff's actual damages include future losses, then the amount you allow for future losses must be

reduced to present value, because a smaller sum received now is equal to a larger sum received in the future.)

Finally, as to this issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff has suffered actual damages under the rules I have explained to you, then you will answer this issue by writing that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue by writing a nominal amount such as "One Dollar" in the blank space provided.

### G4S' Objections to Plaintiff's Proposed Instruction 29

G4S objects to Plaintiff's proposed jury instruction because Plaintiff's claim of wrongful discharge has been dismissed and instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury. Thus, any jury instructions on the matter are immaterial, irrelevant, and highly prejudicial to G4S. FED. R. EVID. 401, 402, 403. G4S further objects to this proposed instruction because it is unclear and seems to be incomplete, which will further confuse the jury.

**Plaintiff's Proposed Instruction30:**

N.C.P.I. Civil 640.32 Employment Relationship - Mitigation of Damages
**EMPLOYMENT RELATIONSHIP-MITIGATION OF DAMAGES.**

This issue reads:

"By what amount, if any, should the plaintiff's actual damages be reduced?"

You are to answer this issue only if you have awarded the plaintiff actual damages in the preceding issue.

On this issue the burden of proof is on the defendant. This means that the defendant must prove, by the greater weight of the evidence, by what amount, if any, the plaintiff's actual damages should be reduced.

[The plaintiff's actual damages must be reduced by the amount *he* [has earned] [will earn] from substitute employment (during the unexpired term of *his* employment agreement). Substitute employment is new or additional employment that becomes available to the plaintiff as the result of being terminated Actual damages may not be reduced on account of income the plaintiff [has earned] [will earn] from a source already available to *him* and in addition to *his* employment with the defendant.)]

[The plaintiff's actual damages must (also) be reduced by the amount *he* [has received] [will receive] from [unemployment benefits] [severance pay] [unearned benefits retained] [(*state other benefits, if any shown by the evidence*).]

[The plaintiff's actual damages must (also) be reduced by the amount which the plaintiff, with reasonable diligence, could have earned from similar employment in the same locality (during the unexpired term of *his* employment agreement). Reasonable diligence does not require that an employee seek or accept just any available employment. Rather, reasonable diligence requires that an employee seek and accept similar employment in the same locality.]

Finally, as to this issue on which the defendant has the burden of proof, if you find by the greater weight of the evidence that the plaintiff's actual damages should be reduced under the rules I have explained to you, then you will answer this issue in favor of the defendant by writing the amount of that reduction in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue in favor of the plaintiff by writing the word "None" in the blank space provided.

## G4S' Objections to Plaintiff's Proposed Instruction 30

G4S objects to Plaintiff's proposed jury instruction because Plaintiff's claim of wrongful discharge has been dismissed and instructions on the amount of damages allegedly owed to Plaintiff are not within the province of the jury. Thus, any jury instructions on the matter are immaterial, irrelevant, and highly prejudicial to G4S. FED. R. EVID. 401, 402, 403. G4S further objects to this proposed instruction because

it is unclear and seems to be incomplete, which will further confuse the jury.

Case 3:17-cv-00160-FDW-DSC   Document 70   Filed 01/09/18   Page 67 of 67