| | | |
|---|---|---|
| E. RAY RAYNOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| G4S SECURE SOLUTIONS (USA) INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

THIS MATTER is before the Court to memorialize the Court's rulings on Plaintiff E. Ray Raynor's Motion in Limine (Doc. No. 54) as it pertains to the exclusion of the report of and testimony from Dr. Sara E. Boyd.[1]  At the pre-trial hearing, the Court orally granted Plaintiff's motion in limine as to this matter, subject to reconsideration, and indicated that it would memorialize its ruling on this matter in a detailed order.  This order follows.

Plaintiff argues that Dr. Sara E. Boyd's opinion fails to qualify as an expert opinion under Rule 702 of the Federal Rules of Evidence and use of such an opinion is unsupported by case law. (Doc. No. 54-1).  Therefore, Plaintiff seeks the exclusion of any reference to, evidence from, or testimony from Dr. Boyd.  The Court, as stated and ordered at the pre-trial hearing, agrees.[2]

After review of Dr. Boyd's report, the parties' briefs, and the record, the Court concludes that Dr. Boyd's specialized knowledge will not help the trier of fact determine a fact at issue in this case, is not based on sufficient facts or data, and is not the product of reliable principles and

---

[1] Plaintiff disputes the admissibility of Dr. Boyd's report and testimony but does not dispute her qualifications.

[2] The Court notes that its conclusions is based on the record before the Court and the unique assessment and circumstances of the assessment conducted by Dr. Boyd.  Thus, this order in no way reflects on Dr. Boyd's qualifications and her expert sills as a forensic psychologist.

methods. Fed. R. Evid. 702. Defendant, as proponent of the expert testimony, "must establish its admissibility by a preponderance of proof." Cooper v. Smith & Nephew, Inc., 259 F.3d 194, 199 (4th Cir. 2001). Rule 702 of the Federal Rules of Evidence provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Under Rule 702, "trial judges act as gatekeepers"; trial judges must ensure that expert testimony is both relevant and reliable. Cooper, 259 F.3d at 199 (citing Daubert v. Merrell Dow Pharm. Inc., 509 U.S. 579, 589 (1993)). In doing so, the trial court must consider whether "given the potential persuasiveness of expert testimony, proffered evidence . . . has a greater potential to mislead than to enlighten[.]" Westberry v. Gislaved Gummi AB, 178 F.3d. 257, 261 (4th Cir. 1999).

Here, Dr. Boyd, as stated in her report, completed her assessment of Plaintiff "with respect to psychological factors potentially influencing his perception of his work performance and his report of emotional distress" and "offer[s] [her] opinions about the symptoms and features [Plaintiff] appears to exhibit without making any formal diagnoses." (Doc. No. 27-2 at 2, 3). Specifically, she concludes "Mr. Raynor's ability to assess his work performance appeared to have been substantially impaired by a combination of skill deficits and a narcissistic personality style that included an inflated view of himself combined with limited insight." (Doc. No. 27-2 at 16). Then, she states "[t]he information I reviewed strongly indicated that to the degree Mr. Raynor hold distorted views of his performance, achievements, and deservingness of rewards and employment, the distortion is more likely attributable to characterological factors and the Better

than Average Effect rather than intentional misrepresentation." (Doc. No. 27-2 at 16). Further, she states "it is possible that Mr. Raynor does not have the vocabulary to describe his emotions, and/or that he has some degree of alexithymia and is consequently impaired in his ability to identify and convey his internal emotional experience" and "it is also possible that he is not experiencing substantial distress . . ." (Doc. No. 27-2 at 16). These statements will neither help the jury understand the evidence nor determine a fact in issue. Dr. Boyd has not utilized her specialized knowledge in a manner that contributes to the understanding of the jury. Dr. Boyd does not make any diagnosis. She merely states her assessment of Plaintiff's credibility using jargon. The requirements of Rule 702 "prohibit[] the use of expert testimony related to matters which are 'obviously . . . within the common knowledge of jurors.'" United States v. Lespier, 725 F.3d 437, 449 (4th Cir. 2013) (quoting Scott v. Sears Roebuck & Co., 789 F.2d 1052, 1055 (4th Cir.1986)). "The assessment of a witness's credibility . . . is 'usually within the jury's *exclusive* purview.'" Id. (emphasis added) (quoting United States v. Dorsey, 45 F.3d 809, 815 (4th Cir.1995)). "Thus, in the absence of unusual circumstances, Rule 702 renders inadmissible expert testimony on issues of witness credibility." Id. Here, there are no unusual circumstances. The jurors, as laymen, with the opportunity to review all the evidence in this case, including seeing live testimony from witnesses, such as Plaintiff, are in the best position to assess, weigh, and determine the credibility of Plaintiff. Expert testimony weighing on Plaintiff's credibility is neither helpful nor appropriate.

Further, opinions and statements from Dr. Boyd about the "psychological factors potentially influencing his perception of his work performance and his report of emotional distress" do not address factual issues in this case. The third element for a prima facie case of age

discrimination of "whether an employee met his employer's legitimate expectations at the time of termination" turns on the "'perception of the decision maker . . ., not the self-assessment of the plaintiff.'" Jones v. Constellation Energy Projects & Servs. Grp., Inc., 629 F. App'x 466, 469 (4th Cir. 2015) (quoting Hawkins v. PepsiCo, Inc., 203 F.3d 274, 280 (4th Cir. 2000)). Therefore, Dr. Boyd's assessment of Plaintiff's credibility as to his work performance is not a fact at issue for this claim. The perception of Defendant's decision maker is what is at issue.

Dr. Boyd's evaluation of "psychological factors potentially influencing [Plaintiff's] . . . report of emotional distress" also does not address factual issues in this case. The Court previously dismissed Plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress. (Docs. No. 23, 48). Because there are no claims for intentional infliction of emotional distress and negligent infliction of emotional distress (Doc. No. 64), any statements or opinions from Dr. Boyd would not "help the trier of fact to understand the evidence or to determine a fact in issue." Fed. R. Evid. 702(a).

Dr. Boyd's testimony is also not based on sufficient facts or data or a reliable principal or method. Fed. R. Evid. 702(b), (c); Daubert, 509 U.S. at 592-93. "[T]he purpose of Rule 702's gatekeeping function is to 'make certain that an expert . . . employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field.'" Cooper, 259 F.3d at 203 (citing Kumho Tire Co. v. Carmichael, 526 U.S. 137, 152 (1999)). Dr. Boyd admits that her data does not allow for an optimal assessment. Dr. Boyd relied on a videotaped deposition of Plaintiff, telephone interviews with four employees of Defendant for a total of three hours and five minutes, three affidavits, and other depositions and records. Dr. Boyd never met or spoke with Plaintiff. She expressly acknowledges that "an optimal assessment would have

included a clinical interview to gather information about his developmental history (i.e., child and adolescence), personality testing (such as the Minnesota Multiphasic Personality Inventory—Second Edition), and some academic achievement testing to assess his language-related skills[.]" (Doc. No. 27-2 at 2).

Also neither Dr. Boyd's report nor Defendant's brief identify Dr. Boyd's method or puts forth any indication that Dr. Boyd's "method" for evaluation "(1) can be or has been tested; (2) has been subjected to peer review and publication; (3) [does not] ha[ve] a high known or potential rate of error; and (4) is generally accepted within a relevant scientific community."  Bresler v. Wilmington Trust Co., 855 F.3d 178, 195 (4th Cir. 2017) (citations omitted).  Dr. Boyd only cites Section 9.03 of the Specialty Guidelines for Forensic Psychology, which states "[w]hen it is not possible or feasible to examine individuals about whom they are offering an opinion, forensic practitioners strive to make clear the impact of such limitations on the reliability and validity of their professional products, opinions, or testimony."  (Doc. No. 27-2 at 2).  A guideline is not a principal or method of evaluation and the existence of this guideline alone is insufficient to establish the reliability of a principal or method.  Given the amount and quality of information considered and the unexplained method applied by Dr. Boyd, Dr. Boyd's testimony and report do not withstand scrutiny under Rule 702 and Daubert.  The Court cannot conclude from the evidence put forth by Defendant "that the proffered testimony [and report are] properly admissible."  Pugh v. Louisville Ladder, Inc., 361 F. App'x 448, 452-53 (4th Cir. 2010) (quoting Maryland Casualty Co. v. Therm-O-Disc., Inc., 137 F.3d 780, 784 (4th Cir. 1998)).

THEREFORE, Plaintiff's Motion in Limine as it concerns the exclusion of any reference to, evidence from, or testimony from Dr. Boyd is GRANTED for the reasons stated in open court at the pre-trial hearing and for the reasons memorialized herein.

IT IS SO ORDERED.

Signed: January 31, 2018

Frank D. Whitney
Chief United States District Judge