UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00160-FDW-DSC

| | |
|---|---|
| E. RAY RAYNOR, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>G4S SECURE SOLUTIONS (USA) INC., )<br>)<br>Defendant. )<br>) | ORDER |

THIS MATTER is before the Court *sua sponte*. "Plaintiff's Notice of Election of Remedies and Motion for Reasonable Attorney's Fees (and Allowable Costs) under N.C. Gen. Stat. § 1D-45 and Fed. R. Civ. P. 37" (Doc. No. 83) only indicates the lump sum Plaintiff seek for his respective request for reasonable expenses and attorney fees without substantiating them. When seeking reasonable expenses or attorney fees, "a fee claimant should set out with some specificity the different tasks performed and the hours allocated to each task." Swann v. City of Goldsboro, 137 F.R.D. 230, 231 (E.D.N.C. 1990); see generally Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Before the Court addresses Plaintiff's motion, Plaintiff must support his claim for reasonable expenses and attorney fees with receipts and time entries for fees. Plaintiff must also provide affidavits and/or cite authority, supporting the reasonableness of fees of counsel and his paralegal, to the extent not already provided. Privileged information should be redacted from the filings. Defendant must be given an opportunity to respond.

Further, the Clerk of Court entered judgment in this case in accordance with the jury's verdict. (Doc. No. 75). As a result, the judgment does not reflect any award of interest.[1] Federal Rule of Civil Procedure 60(a) allows courts to *sua sponte* "correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record" with or without notice. It appears to the Court that the Wage and Hour Act mandates an award of "interest at the legal rate set forth in G.S. 24-1 from the date each amount [awarded by the jury] first came due." N.C. Gen. Stat. § 95-25.22(a). 28 U.S.C. § 1961 also provides for post-judgment interest. To the extent consideration of these statutes becomes necessary after the Court addresses the parties' post-trial motions, the Court orders the parties to brief the matter.

IT IS THEREFORE ORDERED:

1. The Court orders Plaintiff to supplement his motion by filing any substantiating records and affidavits necessary to support "Plaintiff's Notice of Election of Remedies and Motion for Reasonable Attorney's Fees (and Allowable Costs) under N.C. Gen. Stat. § 1D-45 and Fed. R. Civ. P. 37" (Doc. No. 83) no later than April 13, 2018. Any response to Plaintiff's motion as supplemented must be filed within fourteen (14) days of the date on which the substantiating records and affidavits are served. A reply to the response, if any, must be filed within seven (7) days of the date on which the response is served.

2. Plaintiff shall file a brief on N.C. Gen. Stat. § 24-1 and 28 U.S.C. § 1961, as raised herein, no later than April 20, 2018. Any response to Plaintiff's brief must be filed within fourteen (14) days of the date on which the brief is served. No reply shall be permitted.

---

[1] This Courts and other courts commonly enter judgments after the trial and allow the parties to move to amend the judgment to reflect the award of interest when appropriate. As Plaintiff has not done so in this case, the Court addresses the matter *sua sponte*.

IT IS SO ORDERED.

Signed: April 6, 2018

Frank D. Whitney
Chief United States District Judge