UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:17-cv-00160-FDW-DSC

| | |
|---|---|
| E. RAY RAYNOR,  )<br>  )<br>    Plaintiff,  )<br>  )<br>vs.  )<br>  )<br>G4S SECURE SOLUTIONS (USA), INC.;  )<br>CHUCK BROCK, individually, and as  )<br>Strategic Account Executive Vice-President;  )<br>DONALD S. ZECCARDI, individually, and  )<br>as Strategic Account Vice-President;  )<br>MALCOM C. BURCHETT, JR.,  )<br>individually, and as Mid-Atlantic Executive  )<br>Vice-President;  )<br>TIFANI A. GRUSKY, individually and as  )<br>Mid-Atlantic Region, Director of  )<br>Administration; and  )<br>MICHAEL A. NAIL, General Manager,  )<br>Charlotte, North Carolina office;  )<br>  )<br>    Defendants.  )<br>  ) | ORDER |

THIS MATTER is before the Court on Plaintiff's Motion for Taxation of Costs, including damages for delay following appeal and/or for excess costs, expenses, and attorney's fees (Doc. No. 121) pursuant to 28 U.S.C. §§ 1920 & 1927. For the reasons stated below, Plaintiff's Motion for Taxation of Costs and Attorney's Fees (Doc. No. 121) is DENIED.

**I.    BACKGROUND**

This matter arises from the conclusion of Plaintiff E. Ray Raynor's (Plaintiff) employment with Defendant G4S (Defendant) in 2016. Defendant employed Plaintiff from July 16, 2001 until August 26, 2016. Plaintiff brought suit against Defendant in North Carolina state court alleging race discrimination and retaliation, violation of the North Carolina Wage and Hour Act (NCWHA),

1

breach of contract, and wrongful discharge, which was later removed to federal court. The Court entered summary judgement for Defendant on claims including race discrimination and retaliation. (Doc. No. 48). Defendant then filed its first Bill of Costs (Doc. No. 45), which the Court struck because it was premature. (Doc. No. 47).

At trial on Plaintiff's remaining claims, the jury found in Defendant's favor on Plaintiff's claims under the Age Discrimination in Employment Act (ADEA) and for wrongful discrimination on account of his age in violation of North Carolina public policy. (Doc. No. 74, p. 1-3). The jury found in Plaintiff's favor on Plaintiff's claim to entitlement to a bonus and pay for vacation time, paid time off, and/or extended leave under the NCWHA. Id. at 2-4. The jury awarded Plaintiff $6,434.80 for his bonus and $14,974.96 for his vacation time, paid time off, and/or extended leave. Id. The jury did not find Plaintiff entitled to severance pay under the NCWHA. Id. The jury found Defendant liable for punitive damages and awarded $64,347.52. Id. Plaintiff then filed a Bill of Costs (Doc. No. 77), which the Court struck without prejudice because it was premature. (Doc. No. 78).

The Court denied Plaintiff's Motion for Reasonable Attorney's Fees under N.C. Gen. Stat. § 1D-45 because it found "Defendant's defenses neither frivolous nor malicious." (Doc. No. 98, p. 26). The Court did, however, determine Plaintiff was entitled to "reasonable expenses caused by the failure to disclose and reasonable expense in making the motion for an order compelling discovery" pursuant to Rule 37(a)(5) and (c)(1)(A). Id. at 29. The Court reduced Plaintiff's requested 113.60 hours by 30 percent to "avoid[] compensating Plaintiff for efforts not 'incurred in making the motion' under Rule 37(a)(5) or 'caused by the failure' to disclose a witness under Rule 37(c)(1)(A)." Id. at 31-32. The Court denied Plaintiff's request for compensation for

paralegal services because Plaintiff failed to carry his burden. Id. at 33. The Court also denied the costs and expenses related to filing the motions and compelling discovery. Id. The Court clarified the judgement by striking footnote nine from the written summary judgement order, "to reflect that Individual Defendants were terminated from this action when the Court granted summary judgment in their favor on all remaining claims asserted against them." Id. at 34-35. Additionally, the Court amended the prejudgment and post-judgment interest. Id. at 35. The Court amended the judgment to reflect $2,435.58 in prejudgment interest because the jury found Plaintiff entitled to $21,409.76 as of August 26, 2016. Id. Therefore, Plaintiff was entitled to North Carolina's legal interest rate of 8 percent per annum on the $21,409.76. Id. The Court also amended the order to reflect post-judgment interest at the federal rate on the awarded compensatory damages, punitive damages, prejudgment interest, and attorney's fees. Id. Defendant then filed its second Bill of Costs (Doc. No. 99), which the Court struck because it was premature. (Doc. No. 100).

The Fourth Circuit affirmed the Court's holding, including the award of attorney's fees of $31,808.00. Raynor v. G4S Secure Sols. (USA), Inc., 805 F. App'x 170, 180 (4th Cir. 2020). The Fourth Circuit rejected both the Plaintiff's argument that the award of fees was not enough and the Defendant's argument that the award of fees was too much. Id. at 179. Defendant attacked the calculation of fees and demanded the district court calculate the exact amount, however, the Fourth Circuit upheld the Court's calculation and rejected Defendant's argument that the calculation of the fees had to be exact. Id. The Court need "only determine a 'reasonable' amount." Id. The Fourth Circuit rejected Plaintiff's argument that the Court "unfairly cut his counsel's billable hours" because "he offer[ed] no response to the district court's conclusion that counsel billed for some time not authorized by Rule 37." Id. Additionally, the Fourth Circuit affirmed the Court's

denial of Plaintiff's request for additional fees pursuant to N.C. Gen. Stat. § 1D-45 because Defendant's defenses to the punitive damages claims were "non-frivolous." Id. at 180. The Fourth Circuit rejected Plaintiff's final argument for fees pursuant to § 95-25.22(d) because (1) "that provision is not mandatory; it is permissive" and (2) there was nothing in the record showing that Plaintiff moved for fees pursuant to § 95-25.22(d). Id. The Fourth Circuit emphasized that "[Plaintiff] cannot now complain that the court failed to infer that he actually wanted fees pursuant to a section of the statute he omitted from his motions." Id.

Following the appeal, Defendant filed its third Bill of Costs, claiming to be the prevailing party. (Doc. No. 118). Plaintiff also claimed to be the prevailing party, and filed his second Bill of Costs (Doc. No. 120). Plaintiff now brings the instant motion seeking costs, expenses, and attorney's fees pursuant to 28 U.S.C. §§ 1920 & 1927. (Doc. No. 121).

## II. ANALYSIS

Plaintiff asks the Court:

> to adjudge to [him] as the prevailing party, to satisfy excess costs, expenses and attorney's fees incurred because of the conduct of counsel for Defendant G4S in having unreasonably and vexatiously multiplied the proceedings in this case, as provided in 28 U.S.C. § 1927, and/or for additional costs not normally taxed by LCvR 54.1, but allowable under 28 U.S.C. § 1920 and the Court's inherent power to do justice.

(Doc. No. 121, p. 1-2). Defendant argues that (1) it is the prevailing party for purposes of LR 54.1, and (2) that Plaintiff's request for attorney's fees should be denied because it has already been rejected by this Court and the Fourth Circuit. (Doc. No. 124, p. 1).

The "prevailing party" may be entitled to costs under Federal Rule of Civil Procedure 54(d)(1), "[u]nless a federal statute, these rules, or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1). Under 28 U.S.C. § 1927, the Court may assess attorney's fees against an attorney "who

4

so multiples the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927. An award of fees under § 1927 "requires the court to show a causal link between wrongful conduct and an unreasonable and vexatious multiplication of proceedings, then to connect the costs wrongfully incurred as a result of the sanctioned attorney's conduct to the amount awarded to the moving party." Six v. Generations Fed. Credit Union, 891 F.3d 508, 520 (4th Cir. 2018) (citing Goodyear Tire & Rubber Co. v. Haeger, 137 S. Ct. 1178, 1186 n.5 (2017)).

### A. Prevailing Party

Plaintiff first requests the court to adjudge him as the prevailing party because he was recognized as the "prevailing party" under the NCWHA, and he was awarded prejudgment and post-judgment interest. (Doc. No. 121 p. 14). Conversely, Defendant argues that it is the prevailing party because although the Plaintiff won on the NCWHA claim, at trial Defendant prevailed on the claims of age discrimination, retaliation, and breach of its Annual Bonus Plan. (Doc. No. 124, p. 2-5). Additionally, Defendant argues that it prevailed on fifty-five of the Plaintiff's fifty-seven claims brought against the Defendant. (Doc. No. 124, p. 10).

A prevailing party is the party in whose favor the judgement is rendered. Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res., 532 U.S. 598, 604 (2001). An enforceable judgement creates a "material alteration of the legal relationship of the parties necessary to permit an award of attorney's fees." Id. (quotation omitted). A monetary judgement in favor of a plaintiff "create[s] a material alteration of the legal relationship between Plaintiff and Defendant by imposing upon Defendant a legally enforceable obligation to pay Plaintiff." Grissom v. The Mills Corp., 549 F.3d 313, 319 (4th Cir. 2008). Moreover, "there is judicial imprimatur on the change in that the district court has the inherent power to compel Defendant to satisfy such

judgment." Id.; see also McAfee v. Boczar, 738 F.3d 81, 88 (4th Cir. 2013), as amended Jan. 23, 2014. Conversely, a defendant may be the prevailing party "even if the court's final judgment rejects the plaintiff's claim for a nonmerits reason." CRST Van Expedited, Inc. v. E.E.O.C., 136 S. Ct. 1642, 1651.

Although the Fourth Circuit has not determined whether there can be more than one prevailing party in a suit, numerous district courts in this circuit have determined there can only be one prevailing party. See Kraemer v. Mass. Mut. Life Ins. Co., No. 2:15-CV-04571, 2018 WL 732901, at *2 (D.S.C. Feb. 6, 2018) ("[T]his district, as well as other districts within the Fourth Circuit, have followed the lead of the Federal Circuit in finding that there may only be one prevailing party."); Ethox Chem., LLC v. Coca-Cola Co., No. 6:12-1682-KFM, 2016 WL 7053351, at *2 (D.S.C. Feb. 29, 2016); Intellectual Ventures I LLC v. Capital One Fin. Corp, No. 1:13cv0740, 2015 WL 7283108, at *2 (E.D. Va. Nov. 17, 2015) ("There can be, however, only one 'prevailing party,' even in cases involving mixed judgments.") (internal citations omitted). In these mixed judgement cases, the courts looked to the "core" issue as to what the plaintiff wanted, and to what judgment "materially altered the legal relationship between the parties." Ethox Chem. 2016 WL 7053351, at *3; Intellectual Ventures, 2015 WL 7283108, at *2.

The Court has previously determined Plaintiff is the prevailing party in the Order and Amended Judgement, which was affirmed by the Fourth Circuit. (Doc. No. 98); see also Raynor, 805 F. App'x at 180. The Court denied in part and granted in part Plaintiff's Motion for Reasonable Attorney's Fees (and Allowable Costs), thereby determining that Plaintiff is the prevailing party. (Doc. No. 98, p. 35). Plaintiff initially sought compensation in his claim for wrongful termination, and he was awarded compensatory and punitive damages. Id. This "created a material alteration

6

of the legal relationship between Plaintiff and Defendant by imposing upon Defendant a legally enforceable obligation to pay Plaintiff." Grissom, 549 F.3d at 319.

## B. Excess Costs, Expenses, and Attorney's Fees

Plaintiff argues he "should be awarded his costs, including printing/copy charges, computerized research, and expert witness fees, in the Court's discretion, in order to restore full value to the verdict of the federal jury and respect for the District Court's final Order and Amended Judgment, and the rule of law in civil litigation." (Doc. No. 121-1, p. 5-6). Plaintiff claims that Defendant G4S and its counsel "so multiplied these proceedings unreasonably and vexatiously" and therefore he is entitled to attorney's fees pursuant to § 1927. Id. at 6. Plaintiff refers to the evidence in his previous Motion for Attorney's Fees to show his costs, expenditures, attorney's fees, and damages from Defendant's delays, and also includes the Defendant's most recent Bill of Costs to demonstrate how Defendant "multipl[ied] the cost of this litigation, so as to make oppressively expensive the lawful recover of [Plaintiff's] property." (Doc. No. 121-1, p. 2). Plaintiff also argues this claim is not precluded by the Court's prior denial of attorney's fees under N.C. Gen. Stat. § 1D-45 nor by the Court's award of partial attorney's fees and costs under Rule 37 of the Federal Rules of Civil Procedure. (Doc. No. 121-1, p. 8-9).

Defendant argues that Plaintiff's motion is "is merely another attempt to make the exact same arguments that this Court has already considered and rejected." (Doc. No. 124, p. 7). Defendant maintains that it has not acted in bad faith throughout this litigation and reiterates that this Court and the Fourth Circuit determined it did not act in bad faith. Id. at 7-10.

Under 28 U.S.C. § 1927,

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case

7

> unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. To impose fees under § 1927, there must be a finding of "[b]ad faith on the part of the attorney." E.E.O.C. v. Great Steaks, Inc., 667 F.3d 510, 522 (4th Cir. 2012); see also Thomas v. Ford Motor Co., 244 F. App'x 535, 539 (4th Cir. 2007); Sweetland v. Bank of Am. Corp., 241 F. App'x 92, 95 (4th Cir. 2007). Previously, courts have determined an attorney's conduct is "unreasonable and vexatious" when the attorney knowingly files claims without merit. See Sweetland, 241 F. App'x at 97 ("Sweetland took the affirmative step of filing a baseless summary judgment motion on a count he knew he could not substantiate in the middle of the discovery process, while at the same time seeking to 'bolster' his case through intentional misrepresentations for the purpose of obtaining a settlement from the defendants."); see also Salvin v. Am. Nat'l Ins. Co., 281 F. App'x 222, 226 (4th Cir. 2008) (holding the brief in response to summary judgment "failed to address the altered records theory at issue, raised new theories based on factual allegations not pled in the complaint, and was based on a new affidavit by Salvin in which she contradicted her earlier deposition testimony").

Both this Court and the Fourth Circuit have already determined Defendant's "actions did not meet the high bar needed to justify such an award." Raynor, 805 F. App'x at 180; see also (Doc. No. 98, p. 6). As such, the Court will not revisit those claims and finds—again—Defendant did not act in bad faith. The only actions not yet considered for an award of attorney's fees by the Court are Defendant's requests during the appeals process for two continuances for the Fourth Circuit's scheduled oral argument date and Defendant's Third Bill of Costs. (Doc. No. 118). The Fourth Circuit granted both of Defendant's continuances, but Plaintiff now argues they were

8

granted "based solely on misinformation, and without seeking or reporting any response from counsel for Plaintiff-Appellee, Raynor." (Doc. No. 121, p. 15); (USCA4 18-1773 Docs. 45, 51). The Fourth Circuit also did not grant Plaintiff's motion for sanctions for Defendant's requests for continuances. (USCA4 18-1773 Doc. 52). Also, Defendant's third Bill of Costs was not filed in bad faith. Plaintiff and Defendant both filed previous Bills of Costs that were rejected solely because they were premature. (Doc. Nos. 45, 77, 99). Hence, Defendant was pursuing reasonable remedies in its third Bill of Costs following the appeal. It was not unreasonable or vexatious for Defendant to claim it was the prevailing party in its Bill of Costs because Defendant did prevail on numerous claims throughout the litigation; however, Plaintiff was ultimately the prevailing party because the claims he won materially altered the legal relationship between the parties.

As this Court and the Fourth Circuit have previously determined, Defendant's actions do not "meet the high bar needed to justify such an award." Raynor, 805 F. App'x at 180; (Doc. No. 98, p. 6). Lastly, Defendant's actions including the continuances during the appeals process and third Bill of Costs, were not "frivolous or malicious" to warrant additional attorney's fees. Stated differently, the Fourth Circuit declined to grant Plaintiff's motion for sanctions while the appeal was pending, (Doc. No. 124, p. 9), and this Court is in no position whatsoever to overrule the Fourth Circuit.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Attorneys' Fees and Costs (Doc. No. 121) is DENIED.

IT IS SO ORDERED.

Signed: June 30, 2020

Frank D. Whitney
United States District Judge

9