IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| E. RAY RAYNOR, )<br>    Plaintiff, )<br>)<br>  v. )<br>)<br>G4S SECURE SOLUTIONS (USA) INC., )<br>    Defendant. ) | Civil Action No. 3:17cv160-FDW-DSC |

**CLERK'S ORDER REGARDING TAXATION OF COSTS**

This closed civil case is before the Clerk on the parties' competing Bills of Costs (Docs. 118 and 120), as well as two related pending motions, namely (i) Plaintiff's Motion for Entry of Clerk's Judgment/Decree (Alternatively for a Hearing) on the Taxation of Costs (Doc. 130), and (i) Plaintiff's Motion for Hearing Before the Clerk on the Taxation of Costs or in the Alternative for Writ of Mandamus (Doc. 134). A brief review of the post-judgment procedural history of the case is necessary to place these motions in context.

Plaintiff E. Ray Raynor initiated this case in March 2017 by filing a complaint against his former employer, G4S Secure Solutions (USA) Inc. (G4S), and several individual G4S employees raising numerous claims related to his termination. Among the claims alleged in Plaintiff's complaint were race and age discrimination, retaliation, breach of contract, intentional infliction of emotional distress, and violation of the North Carolina Wage and Hour Act (NCWHA). The Court entered summary judgment in favor of Defendants on Plaintiff's claims for race discrimination and retaliation, as well as all of Plaintiff's claims against the individual Defendants. Several of Plaintiff's remaining claims that proceeded to trial resulted in a verdict in favor of Defendant, including his claim under the Age Discrimination and Employment Act and his claim for wrongful discrimination based on his age in violation of North Carolina public policy. At the

1

conclusion of the five-day trial, the jury found in Plaintiff's favor on his claim to entitlement to a bonus and pay for vacation time, paid time off, and/or extended leave under the NCWHA. The jury did not find Plaintiff entitled to severance pay under the NCWHA. In the end, therefore, the jury awarded Plaintiff $6,434.80 for his bonus, $14,974.96 for his vacation time, paid time off and/or extended leave, and $64,347.52 in punitive damages.

Following the jury's verdict, the Court denied Plaintiff's Motion for Reasonable Attorney's Fees under N.C. Gen. Stat. § 1D-45 on the ground that Defendant's defenses were neither frivolous nor malicious. (Doc. 98 at 26). The Court did, however, find that Plaintiff was entitled to $31,808.00 in "reasonable expenses caused by the failure to disclose and reasonable expense in making the motion for an order compelling discovery" pursuant to Rule 37(a)(5) and (c)(1)(A). Id. at 29. The Court also amended the Judgment to reflect $2,435.58 in prejudgment interest and post-judgment interest at the federal rate. Accordingly, on June 8, 2018, the Court entered an Amended Judgment directing that "Plaintiff shall recover from Defendant the amount of $120,000.86, with interest accruing from January 26, 2018 until satisfied at the statutory rate provided in 28 U.S.C. § 1961." Doc. 98, p. 36. The parties filed cross appeals with the Fourth Circuit, which subsequently affirmed the Court's ruling in its entirety and issued its mandate on March 19, 2020. Raynor v. G4S Secure Sols. (USA), Inc., 805 F. App'x 170 (4th Cir. 2020).

Following the direct appeal, the parties filed competing Bills of Costs, each claiming to be the prevailing party entitled to an award of costs pursuant to 28 U.S.C. § 1920. (Docs. 118 and 120). Plaintiff also filed a "Motion for Taxation of Costs by District Court Judge, Including Damages for Delay Following Appeal, and/or for Excess Costs, Expenses, and Attorney's Fees," pursuant to 28 U.S.C. §§ 1920 and 1927. (Doc 121). By Order dated July 1, 2020, the Court concluded that Plaintiff, rather than Defendant, was the prevailing party in this matter for purposes

of the costs analysis and denied Plaintiff's motion for costs and attorney's fees in its entirety. (Doc. 126).

Now before the Clerk are (i) Plaintiff's Motion for Entry of Clerk's Judgment/Decree (Alternatively for a Hearing) on the Taxation of Costs (Doc. 130), and (i) Plaintiff's Motion for Hearing Before the Clerk on the Taxation of Costs or in the Alternative for Writ of Mandamus (Doc. 134). Both of Plaintiff's motions are premised on the same argument, namely that the Court's July 1, 2020 Order denying Plaintiff's motion for costs and attorney's fees did not resolve Plaintiff's request for taxable costs as set forth in his pending Bill of Costs. Defendant disagrees, arguing that Plaintiff's request for costs was already fully ruled on by the Court in the July 1, 2020 Order and therefore, that there is nothing further for the Clerk to resolve with respect to costs.

Although Defendant's argument in this regard is entirely reasonable, a careful review of the Court's July 1, 2020 Order, as well as the parties previously filed motions and briefs concerning Plaintiff's requests for costs and attorney's fees, reveals to the Clerk that the Court did not address or resolve in its July 1, 2020 Order the $11,148.78 in taxable expenses requested in Plaintiff's most recently filed Bill of Costs. (Doc. 120). Thus, the Clerk will proceed to do so now.

Plaintiff, as the prevailing party for purposes of the costs analysis, has requested a total of $11,148.78 in taxable costs, consisting of (i) $200.00 for "Fees of the Clerk," (ii) $283.87 in "Fees for service of summons and subpoena," (iii) $10,622.41 in "Fees for printed or electronically recorded transcripts necessarily obtained for use in the case," and (iv) $42.50 in "Docket fees under 28 U.S.C. § 1923." Plaintiff has provided itemized lists and invoices for his requested costs and, with the exception of five transcript related costs noted in the margin below,[1] all of the requested

---

[1] Specifically, the nontaxable charges being disallowed are as follows: (i) a $219.76 charge for a 3-day expedited transcript (Doc. 120 at 21), (ii) a $45.00 charge for a digital transcript in addition to the original transcript (Id.), (iii) a $30.00 charge for a condensed transcript (Id.), (iv) a $21.95 charge for shipping a transcript (Id.), and (v) a $21.95

costs appear to be reasonable and allowable under the applicable local and federal rules.

Accordingly, for the foregoing reasons, and for good cause, it is hereby **ORDERED** that Defendant's Bill of Costs (Doc. 118) is **DENIED**.

It is further **ORDERED** that Plaintiff's Bill of Costs (Doc. 120) is **GRANTED** insofar as costs in the total amount of **$10,810.12** are **AWARDED** to Plaintiff and included in the Clerk's Judgment in this matter.

It is further **ORDERED** that Plaintiff's Motion for Entry of Clerk's Judgment/Decree (Alternatively for a Hearing) on the Taxation of Costs (Doc. 130) is **GRANTED**.

It is further **ORDERED** that Plaintiff's Motion for Hearing Before the Clerk on the Taxation of Costs or in the Alternative for Writ of Mandamus (Doc. 134) is **DENIED AS MOOT**.

Any party may request review by the Court of the Clerk's ruling by filing a motion within seven (7) days after entry of this Order, pursuant to Local Civil Rule 54.1(e).

Signed: September 29, 2021

Frank G. Johns, Clerk
United States District Court

---

charge for shipping a video deposition. (Id. at 22). See Local Civil Rule 54.1(g) (providing that "[i]tems normally not taxed include . . . (2) daily, expedited, real time or hourly copies of transcripts . . .; (4) Costs of shipping/mailing trascripts, . . .; [and] (10) Costs associated with condensing a transcript, putting transcripts on a diskette, or providing E-transcripts in addition to counsel receiving the original transcript."